## H. Z. SHERILL v. WESTERN UNION TELEGRAPH COMPANY.

*Action for Damages—Telegraph Company—Failure to Deliver Message—Trial—Expression of Opinion by Trial Judge — Negligence — Damages — Mental Anguish.*

1. Where plaintiff, in an action against a telegraph company for failure to deliver a message, shows that defendant received it and failed to deliver it, he has established a *prima facie* case and it devolves upon the defendant to show excuse for such failure.

2. Where, in an action against a telegraph company for failure to deliver a message, the plaintiff establishes a *prima facie* case, the question of negligence is for the jury and an instruction that "upon all the evidence if believed, plaintiff is not entitled to recover," is an expression of opinion by the Court upon the weight of the evidence in violation of Sec. 413 of *The Code.*

3. In the trial of an action against a telegraph company for failure to deliver a message, an instruction that if the defendant made proper enquiries as to the whereabouts of the person to whom the message was addressed, from persons of wide acquaintance in the neighborhood and, upon information so received, delivered the message to a person of the same name, it had used reasonable diligence, was erroneous inasmuch as it left out of consideration when and after how much delay the equiries were made.

4. Where, in the trial of an action for damages for failure to deliver a telegraphic message, it appeared that the message on its face asked for an answer and money was paid for a special delivery, it was negligence in the receiving agent when he found difficulty in delivering it, not to wire the sending office for a better address and not to notify the sender immediately upon the non-delivery of the message.

5. A telegraph company cannot by contract restrict its liability for mistake or delay in the delivery of a message.

6. Where the nature of a telegraphic message appears on its face and the telegraph company fails, through negligence, to deliver it, the party injured by its non-delivery can recover damages for the mental anguish caused thereby.

CIVIL ACTION, for damges for the non-delivery of a telegraphic message by a telegraph company, tried before *Bryan, J.*, and a jury, at November Term, 1894, of IREDELL Superior Court. From the judgment, on a verdict for defendant, the plaintiff appealed. The facts sufficiently appear in the opinion of Associate Justice CLARK.

*Messrs. Burwell, Walker & Cansler* and *L. C. Caldwell*, for plaintiff ( appellant ).

*Messrs. Jones & Tillett*, for defendant.

CLARK, J.: The plaintiff having shown the delivery of the message to the defendant, with the charges prepaid (and it would have been the same if the defendant had accepted the message with charges to be collected), and the failure to deliver the message, a *prima facie* case was made out and the burden rested on the defendant to show matter to excuse its failure. Thompson on Electr., Sec. 274, and cases cited; *Bartlett* vs. *Tel. Co.*, 16 Am. St. Repts., 447 ; *Pearsall* v. *Tel. Co.*, 21 Am. Rep., 662. The Court erred in granting the defendant's second prayer for instruction that "upon all the evidence, if believed, the plaintiff is not entitled to recover and the jury should answer the fourth issue

No." The Court should instruct the jury that a given state of facts, as a matter of law would or would not be negligence. *Emry* v. *Railroad*, 109 N. C., 589. But when the plaintiff makes out a *prima facie* case, then to instruct the jury that the evidence rebuts it and overcomes it, is to invade the province of the jury and violates Chapter 452 of the Acts of 1796 (*Code*, Sec. 413) which forbids an expression of opinion by the Judge upon the weight of the evidence.

The first instruction granted at the instance of the defendant was erroneous because it left out of consideration when and after how much delay the inquiries were. The promptness with which they were made was an essential element in an instruction as to whether there was reasonable diligence. The third instruction given at the instance of the plaintiff was erroneous. After showing the contract and the failure to deliver the message, the plaintiff had made out a *prima facie* case and the burden was on the defendant to rebut negligence. The Court properly told the jury that the defendant was not a guarantor of the delivery and that they should distinguish between plaintiff's grief for the death of the child for which the defendant was in no wise responsible, and that caused by his being deprived by the defendant's negligence of the consolation of seeing his child before its death, but it again erred in telling the jury that there was no evidence to support the second issue and directing them to answer it "no."

As to the plaintiff's prayers for instructions, the message on its face asked for an answer, and money was paid for a special delivery. The agent at Statesville violated the rules of the company, upon his own evidence, in not wiring back to the sending office for a better address, when he found difficulty in delivering the message, and in not notifying the sender immediately upon the non-delivery of the

116—42

message. For these and other reasons appearing in the evidence, it was error to refuse the fourth and sixth of the plaintiff's prayers for instruction. There were other errors excepted to, in apt time, but it is unnecessary to pass on them in detail, as they will probably not occur on another trial in view of the principles above laid down.

The right of the plaintiff to maintain this action was sustained on a former appeal, 109 N. C., 527. That the defendant cannot by contract restrict its liability was held in *Brown* v. *Tel. Co.*, 111 N. C., 187, which is now re-affirmed.

The plaintiff, if the message was not delivered by reason of defendant's negligence, the nature of the message appearing on its face, can recover damages for the mental anguish caused thereby. *Young* v. *Telegraph Co.*, 107 N. C., 370; *Thompson* v. *Tel. Co.*, *Ibid*, 449. The Courts of all our sister States are not in accord with each other on this principle. A majority of those who have so far passed on this question sustain this view, being (in addition to this State) the Courts of Texas, Indiana, Kentucky, Tennessee, Iowa and Alabama. The weight of the text writers is to the same effect. Gray on Tel., Sec. 65; 4 Lawson Rights & Rem., Sec. 1970; 2 Thompson Neg., 847, Sec. 11; Segwick Dam. (8th Ed.) Sec. 894; Sutherland Dam. (2nd Ed.) Sec. 97; 29 Am. Law Review, 267. An opposite view is held by the Courts of Georgia, Mississippi, Kansas and Dakota. In the U. S. Circuit Courts opinions have been delivered on both sides. The better reason in our opinion is with those which agree with the precedents in our own Court; for, otherwise, except where the negligence is as to messages relating to pecuniary matters, there would be no liability for any neglect by telegraph companies and these great and necessary public agencies would be irresponsible and therefore unreliable, as to the correctness in transmission or promptness

in delivery of messages of whatever importance, if not relating to mere money transactions. No man could depend upon the correctness or promptness of messages, as to which the law enforces no responsibility when they must pass through the hands of so many agents. The Supreme Court of Illinois, though not passing directly on the point, has intimated a leaning to the view held by this Court, while the Supreme Court of Missouri has recently adhered to the ruling of the minority. The cases have been collected in the notes in several late volumes of the American State Reports. It is unnecessary to cite them here, or to say more than to refer to and approve our own precedents on this point.

New Trial.