"Lincolnton, N.C. 18 October, 1892. R.A. Havener, Asheville, N.C.: Your mother not expected to live. Come at once. Answer. "A. B. HAVENER."
This is an action for damages for failure to deliver the above message within a reasonable time. The usual route was by railroad from Asheville to Newton, and then into the country near Lincolnton. It was shown that the message was not delivered until 3 o'clock on the same day, four or five hours after it was received at Asheville, where the sendee lived, and also that the last train on that day left the latter place at 2:30 P.M., and that there was no other train until 9 A.M. next day. Newton is more than 100 miles from Asheville. The defendant alleged that it made every reasonable effort to find the sendee and deliver the message. His Honor instructed the jury "That if they shall find that the defendant, after receiving the message, placed it in the hands of a carrier, and the carrier called and inquired of the hotels and of citizens as to the place of Havener's business or his whereabouts and did not consume unreasonable time in so doing before asking a better address, and after such inquiry failed to find him or his place of business in time for the plaintiff to take the 2:30 (542) train for Newton, the defendant exercised reasonable diligence in delivering the message, and the failure to find the plaintiff or his place of business in time for the train was not negligence, and the plaintiff cannot recover." This was a proper charge, and was as much of the defendant's request as it was entitled to. The finding of the jury on this question was against the defendant, so that negligence in the delivery is established.
The plaintiff arrived next day, some time after the death of his mother. The evidence was conflicting as to whether he could have *Page 374 
arrived before her death or not, provided he had taken the 2:30 P.M. train on the 18th. The defendant's contention is that the plaintiff could not have arrived at his mother's bedside before her death or total unconsciousness if the message had been promptly delivered, and as he had sued for such disappointment only, he could recover only nominal damages, and requested the court to instruct the jury accordingly. The plaintiff's 7th allegation was in these words: "That by reason of said gross negligence and wilful conduct of the defendant in the failure to deliver the message within said reasonable time, this plaintiff has suffered great damage, both in body and mind, to-wit, the sum of $2,000." This allegation is broad enough to embrace any damage to which the plaintiff in law was entitled. The second issue, "Was the plaintiff injured by such negligence on the part of the defendant?" was answered "Yes" by the jury. The verdict of the jury is conclusive on all material facts submitted, provided it was rendered under proper instructions from the court. His honor properly refused to instruct the jury that in no aspect of the case could the plaintiff recover more than nominal damages, as he was requested to do.
The defendant requested the court to charge, and the court did charge the jury "(1) That if plaintiff could not have reached (543) his mother before her death or unconsciousness, even if the message had been promptly delivered, the jury must take that fact into consideration in diminution of the plaintiff's damages. (2) That the mental anguish which the plaintiff would have suffered on account of his mother's death, if he had been with her in her last hours, cannot be considered in assessing damages in this case. (3) That in no aspect of the case can the jury award punitory or vindictive damages." It is settled that the plaintiff may recover compensation for the mental anguish inflicted on him by the negligence of the defendant. Young v. Telegraph Co.,107 N.C. 370. The evidence on that question was submitted to the jury.
When the nature and importance of the telegraphic message appears on its face, as it does here, and through negligence it is not delivered in a reasonable time, damages may be recovered for the mental anguish caused thereby. Sherrill v. Telegraph Co., 116 N.C. 655.
Several other exceptions appear in the record, but all were abandoned or found to be unimportant except those we have considered. We find no error in the proceeding below.
Affirmed.
Cited: Cashion v. Tel. Co., 123 N.C. 270; Kennon v. Tel. Co.,126 N.C. 235, 236; Helms v. Tel Co., 143 N.C. 394. *Page 375 
(544)