THOMAS J. WILSON, Administrator of Richard Wilson, deceased, v. THE WINSTON-SALEM RAILWAY AND ELECTRIC COMPANY.

*Practice—Appeal—Statement of Case on Appeal—New Trial.*

Where the case on appeal states that appellant's requests for instructions to the jury were given "in substance" and such requests are in conflict with the general tenor of the charge, a new trial will be granted, it being impossible to determine which or what part of the requested instructions were given.

CIVIL ACTION for damages for the alleged negligent killing of the plaintiff's intestate and son, tried before *Hoke*,

J., and a jury, at January, 1897, Special Term of Forsyth Superior Court. There was a verdict for the plaintiff, and from the judgment thereon the defendant appealed.

*Messrs. Watson & Buxton* and *Glenn & Manly*, for plaintiff.

*Messrs. Jones & Patterson*, for defendant (appellant).

Furches, J.: On the trial of this action the defendant submitted a number of written prayers for instructions, covering about six pages of printed matter. And the case on appeal says "the court gave defendant's prayers for instruction *in substance* except the fifth prayer, which the court declined to give and the defendant excepted."

When the case was called for argument the defendant moved for a *certiorari* to the Judge who tried the case, upon the ground that the case on appeal was defective and apparently contradictory; that, if the prayers asked were given, they were in conflict with the other part of the charge as set out in the record. This motion was resisted by the plaintiff, and the defendant then proposed to withdraw the motion if the plaintiff would agree that the defendant's prayers, except No. 5, were given. But plaintiff declined to agree to this proposition. The defendant then proposed to withdraw the motion for a *certiorari* if the plaintiff would agree that none of the defendant's prayers were given, and the plaintiff declined to accept this proposition.

Under the rules of this court, the defendant, having no intimation from the Judge who tried the case that he would make any alteration in the case on appeal as settled by him, and now before the court, the motion of defendant for a *certiorari* was refused and the case was argued as presented by the record.

When the Judge who tries a case says he gave the prayers for instruction, or that he refused to give the instructions asked, we understand what he means, and this is binding on us, and we try the case according to what he says.

But, where a number of prayers are asked that are obviously in conflict with the charge as set out in the record, and the Judge says that he gave them "in substance," what can we say? That they were given in whole or in part, and if in part, what part? The counsel cannot agree about it, and we have no means of determining this dispute between them. If the court modifies instructions asked, giving a part and rejecting a part, the part given should be set out and distinguished from the part rejected. This would present the legal question to us, that we might pass upon it. But where the court says the prayers were given "in substance," how do we know whether they were or were not? If this were allowed, it would make the Judge, who tried the case, the Judge of what is material to the rights of the parties, and what should go into the record, though it was a matter that transpired on the trial, and would authorize the Judge to give such parts of his charge as *he* thought material, whether the appellant thought it material or not.

This cannot be so. The case on appeal should be a brief and concise statement of the case as tried, and should clearly set forth all the legal questions in dispute, excepted to by the appellant, with a sufficient statement of facts or of the evidence to present in an intelligible manner the various questions of law. And, as we are on this subject, we feel it necessary to call the attention of trial Judges to the loose and unsatisfactory manner in which many cases on appeal come to this court. For instance, in a number of cases that come here, it is said "here the Clerk will copy the Judge's notes of evidence" (that is not so in this case).

These notes are taken in the hurry of the trial and usually consist of catch words and disconnected sentences. These are intelligible to the Judge who takes them and would enable him, by exercising a small degree of industry, to write out that part of the evidence necessary to properly present the case on appeal. But, besides the great amount of labor this throws upon us, we are often uncertain as to what the evidence is, after we have done the best we can to understand it. We do not think a Judge or lawyer ought to feel that he has discharged his duty by such work as this.

There were many interesting questions presented by counsel on the argument of this case but, as we cannot dispose of the case upon its merits and, as they may not arise on another trial, we have not considered any of them.

For the reasons assigned there must be a new trial.

New Trial.