MAGGIE E. LYNE v. WESTERN UNION TELEGRAPH
COMPANY.

(Decided October 25, 1898.)

*Damages—Negligence.*

1. Damages may be recovered for mental anguish and suffering occasioned by negligence in delivering the message notifying one of the serious illness of a relation.

2. It is not necessary to disclose the relation of the parties in the message in order to sustain the action.

CIVIL ACTION for damages tried before *Timberlake, J.,* at April Term, 1898, of the Superior Court of WAKE County.

123—9

Damages were claimed by the plaintiff, Maggie E. Lyne, wife of Gregory Lyne, deceased, for negligence in the delivery of a message informing her of the critical condition of her husband from an accident resulting in his death.

The circumstances are fully stated in the opinion.

There was a verdict and judgment for plaintiff. Exceptions and appeal by defendant.

*Mr. Robert C. Strong*, for defendant (appellant).
*Messrs. Shepherd & Busbee*, for plaintiff.

FURCHES, J.: The plaintiff is the widow of R. G. Lyne, who was called by her "Gregory." The plaintiff alleges that at 9 o'clock p. m. on the 23rd day of October, 1897, J. B. Lyne, a brother-in-law of plaintiff and a brother of her husband, sent her the following telegram: "Richmond, Va., Oct. 23, 1897—To Mrs. R. G. Lyne, Care Mrs. Mattie Wortham, Raleigh, N. C.: Gregory met accident; not live more 24, 26 hours. J. B. Lyne." That this telegram was received at the office of the defendant in Raleigh, N. C., and that it was not delivered to her until 1 o'clock p. m., Oct. 24 ; that this delay in the delivery of the telegram was caused by the negligence of the defendant and its agents ; that by and on account of said negligence, she was unable to reach the city of Richmond until the morning of the 25th of October, and not until after the death of her husband; that said negligence caused her great pain and mental suffering, for which she demands damages in this action.

The defendant admitted receiving the message, denied all allegations of negligence, sets up contributory negligence on the part of the plaintiff and denies her right to

recover, and especially denies her right to recover damages for mental anguish and suffering.

It appeared on the trial that the message was received at the Richmond office at 10:10 p. m., October 23rd, and at the Raleigh office at 10:28 of the same day; that it was put in the hands of Eugene Cole, one of the messenger boys of the defendant for delivery; that he did not know the address or residence of Mrs. Wortham, that he examined the city directory and did not find it there; that he then went to the hotels in the city and failed to find it on their registry; that he then went to the post office, where he was in the habit of going for such information, and found the general delivery window closed; that he saw a light in the office but did not go to the back door to inquire for the address of Mrs. Wortham, but returned with the message, undelivered, to the Raleigh office of the defendant.

It was in evidence that the delivery messengers of the defendant were in the habit of going to the post office for such information, and that when it was after office hours and the general delivery window was closed, they were in the habit of going to the back door of the post office and making the inquiry there; that one of the clerks of the post office was in there at the time the messenger went to the post office, and if he had gone to the back door and inquired, the post office clerk would have given him the address of Mrs. Wortham; that Mrs. Wortham resided at 110 Salisbury Street, within a few hundred yards of the defendant's Raleigh office, but had only resided there a few months, and her residence was not known to the defendant. There was other evidence in the case which we deem it unnecessary to give or refer to, as the case turns upon what we have given and the instructions of the Court.

There were some exceptions to evidence, and, without discussing these, it is sufficient to say they have been considered and that we are of the opinion they cannot be sustained.

There are quite a number of prayers for special instructions.  Some of them were given by the Court, and some were refused, except as covered by the charge of the Court.   And we are of the opinion that the charge of the Court gave all the defendant's prayers for instruction which the defendant was entitled to, and that the charge was a correct exposition of the law.   It is not necessary that the court give its charge in the language of the prayers, even when the prayers are proper, if they are given in substance.   *Thompson* v. *Tel. Co.*, 107 N. C., 449.

The defendant contended that it was not guilty of negligence in delivering the telegram; that the residence of Mrs. Wortham was not known to defendant and that defendant had exercised due diligence in its endeavor to ascertain the same.   But it must be admitted that there is some evidence of negligence, or a want of due diligence.   This is disclosed by the defendant's witness Cole who testified that he went to the post office to obtain this information, and that the general delivery window was closed, but that he saw a light in the post office and did not go to the back door to inquire.   When it is in evidence that the defendant was in the habit of going to the back door for such information, in case the general delivery window was closed, and when it was shown by one of the clerks of the post office that he was in the office at the time the messenger was there, and could have given him the desired information (the address of Mrs. Wortham) if the messenger had made the inquiry—this was not only some evidence, as in *Witt-*

*kowsky* v. *Wasson*, 71 N. C., 451, but such evidence·as should go the jury.

The evidence seems to have been clearly and correctly submitted to the jury upon proper instructions from the Court, and the verdict of the jury is binding upon us. We cannot review or reverse the finding.

It was contended by the defendant that the plaintiff could not recover damages for her mental anguish and suffering, even if it should be found that the defendant was guilty of negligence in delivering the message. But the doctrine has been so firmly settled in this Court that she can, that we only feel called upon to cite *Young* v. *Tel. Co.*, 107 N. C., 370; *Thompson* v. *Tel. Co.*, Ibid, 449 and *Sherrill* v. *Tel. Co.*, 109 N. C., 527.

The defendant further contended that if it be held that a plaintiff may recover for mental anguish and suffering, that the plaintiff in this case cannot do so, for the reason that the telegram does not disclose the relation of the parties—does not disclose that ''Gregory'' was the husband of the plaintiff, and that as the telegram does not show this, it cannot be shown in evidence.

We cannot sustain this contention. The relation of the parties was not disclosed in *Sherrill* v. *Telegraph Co.*, *supra*—''Tell Henry to come home, Lou is bad sick.'' Nor was it disclosed in *Telegraph* v. *Adams*, 75 Texas, 531, and it was held in that case that the plaintiff could recover for mental anguish and suffering. That case contains a very clear and interesting discussion of the matter. The telegram in that case is as follows: '' To F. E. Adams, Athens: Clara come quick, Rufe is dying.'' The same contention was made in that case that the defendant makes in this, and the Court say among other things ''that the rule insisted on

by appellant is too restricted to be safely applied to communications sent by the electric telegraph . . . When such communications relate to sickness and death, there accompanies them a common sense suggestion that they are of importance, and that the persons addressed have in them a serious interest."

We only quote briefly from this opinion, and recommend it to the attention of the profession. It seems to be sustained by the decision in *Telegraph Co.* v. *Lavender*, 40 S. W. Reporter, 1035. From these opinions and that of *Sherrill* v. *Tel. Co.*, *supra*, we have no hesitation in holding that the plaintiff is entitled to recover for mental pain and suffering if entitled to recover at all.

Having examined the record carefully and finding no error, the judgment is affirmed.

Affirmed.