JENNIE E. KENNON v. W. U. TELEGRAPH COMPANY.

(Decided March 27, 1900.)

*Telegram—Negligence in Delivery—Tort—Breach of Contract—Mutual Anguish—Notice—Damages.*

1. Negligence in delivery of a message, whether considered as a tort, or a breach of contract, is to be compensated for by the recovery of damages for the injury done the plaintiff, and which were reasonably in contemplation of the parties as the natural result of the failure of duty on the part of defendant.

2. When the subject-matter of the telegram is a pecuniary transaction, damages are allowed, in case of default, for the pecuniary loss sustained in consequence.

3. So damages should be allowed for injury to the feelings, when the subject-matter of the telegram is a transaction involving feelings; in order to hold the company liable for such damages, while it is not necessary that the message should disclose the relationship of the parties, the defendant must have had notice, either through the wording of the dispatch, or otherwise, of the special circumstances, in consequence of which, a failure to transmit seasonably and correctly, will entail mental suffering. Notice of the urgency and importance of the message must be brought to the attention of the company in some way to warrant such recovery.

4. A plaintiff can always recover the sum paid for any message, which is not promptly delivered, as promptness in delivery is of the essence of the contract in sending telegrams.

CIVIL ACTION for damages for failure to deliver promptly a telegram sent by plaintiff, tried before *Timberlake, J.,* at July Special Term, 1899, of GUILFORD Superior Court.

The message was in these words:

"GREENSBORO, N. C., December 5, 1898.
"To Miss Georgia Kennon, back of Cotton Factory, Reids-
    "ville, N. C.:
"Meet me to-morrow, 12 o'clock.        JENNIE."

The massage was not delivered until called for the next day by the parties.

The circumstances of urgency and importance requiring prompt delivery testified to on the trial, and adverted to in the opinion, were not brought to the attention of the company.

The defendant asked the following special instruction:

As there was nothing in the message to indicate the importance of prompt delivery, nor was the attention of the company in any way called to such matters, the plaintiff can not recover any damages for mental suffering, and you will not take that into consideration in making up your verdict.

This instruction was not given, and defendant excepted. There was a verdict for plaintiff for $300. Judgment accordingly, and appeal by defendant.

*Messrs. R. R. King,* and *F. H. Busbee,* for appellant.
*Messrs. J. A. Barringer,* for appellee.

CLARK, J. The plaintiff sues for damages sustained by herself, as sender, for non-delivery of the following message sent from Greensboro to her cousin at Reidsville, N. C.: "Meet me to-morrow, 12 o'clock." The complaint avers that the plaintiff's aunt was very ill in Reidsville, that by reason of the non-delivery of the message her cousin (the sendee) did not meet the plaintiff on arrival of the train, who, having an infant with her, was delayed at the station till she could get assistance to carry the child, and she was thereby prevented from getting to her aunt's residence until just after she had dropped into unconsciousness, death occurring in a few minutes, and that the failure to see and talk with her aunt caused the plaintiff great mental anguish. The rule of damages for breach of contract, is "such as would arise in the usual order of things from such breach of contract, or such as may reason-

ably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it. The courts of this and other States which recognize mental anguish as an element of damages, have not departed from this rule. It is immaterial under our system of practice whether the action is in tort for the negligence in the discharge of a public duty, or for breach of contract for prompt delivery, for the recovery in either case is compensation for the injury done the plaintiff, and which was reasonably in contemplation of the parties as the natural result of the breach of the contract or default in discharging the duty undertaken. *Young v. Telegraph Co.,* 107 N. C., 370.

In Croswell on Electricity, sec. 649, it is said: "As damages are allowed for pecuniary loss when the subject-matter of the telegram is a pecuniary transaction, so damages should be allowed for injury to the feelings when the subject-matter of the telegram is a transaction involving feelings. Thus messages which on their face show that they relate to sickness or death of relatives, give direct information to the telegraph company of the nature of the damages which may be suffered through its negligence."

In Thompson on Electricity, sec. 386, it is said: "As damages for mental suffering, injury to family affection and the like, are given on the footing of compensation, the rule of *Hadley v. Baxendale,* (9 Exch., 353), applies in such a sense that the company, in order to be held liable for such damages, must have had notice either through the wording of the dispatch or otherwise of the special circumstances in consequence of which a failure to transmit seasonably and correctly will entail mental suffering, and such we find to be the law as recognized in several decisions." In the next section he says: "Such messages may sufficiently disclose their urgency with-

KENNON v. TELEGRAPH CO.

out stating the relationship of the parties"—citing *Telegraph Co. v. Adams,* 75 Tex., 531, which has been cited and approved by this Court in *Line v. Telegraph Co.,* 123 N. C., 129.

In this instance it does not appear from the face of the message that any mental anguish would be likely to result from a failure to deliver it, and there was no evidence that the plaintiff gave the agent of the defendant in Greensboro, whence the message was sent, any information concerning the purpose or intent of the message other than is shown in the copy of the message itself. She did not tell him that her aunt was sick, and made no statement beyond the delivery of the message for transmission.

In all the cases in this Court (and in all others so far as our researches go) in which a verdict for damages for mental anguish have been sustained, the telegraph company had notice that a failure to deliver might reasonably cause mental anguish to the sender, or sendee, or to some one for whom the sender or sendee was acting as agent. In such case the damages for mental anguish are really actual damages in reasonable contemplation of both parties, if the message should not be delivered. In *Sherrill v. Telegraph Co.,* 116 N. C., 655, it is said: "The plaintiff, if the message was not delivered by reason of the defendant's negligence, the nature of the message *appearing upon its face,* can recover damage for the mental anguish caused thereby."

In *Havener v. Telegraph Co.,* 117 N. C., 540, FAIRCLOTH, C. J., says: "When the nature and importance of the telegraphis message *appear upon its face,* as it does here, and through negligence it is not delivered in a reasonable time, damages may be recovered for the mental anguish caused thereby."

In *Lyne v. Telegraph Co.,* 123 N. C., 129, FURCHES, J., approving *Telegraph Co. v. Adams,* 75 Texas, 531, speaking

for the Court, said: "When such communications relate to sickness and death there accompanies them a common-sense suggestion that they are of importance, and that the persons addressed have in them a serious interest."

In *Cashion v. Telegraph Co.,* 124 N. C., 459, DOUGLAS, J., quotes the Lyne case with approval, and in deciding that it was not necessary for the telegram to show upon its face the relationship of the parties, says:  "The telegram in question stated that Mr. Cashion had been killed while at work, and upon its face suggested that it was of unusual importance to somebody."

The messages in regard to which damages on account of mental anguish have been allowed in North Carolina are:

*Young v. Telegraph Co.,* 107 N. C., 370—"Come in haste, your wife is at point of death."

*Thompson v. Telegraph Co.,* 107 N. C., 449—"Father, come at once, mother sick."

Havener's case, 117 N. C., 540—"Your mother is not expected to live; come at once."

Sherrill's case, 109 N. C., 527—"Tell Henry to come home. Lou is bad sick."

Lyne's case, 123 N. C., 129—"Gregory met accident; not live more than twenty-four, twenty-six hours."

Cashion's case, 124 N. C., 459—"Come at once, Mr. Cashion is dead.   Killed while at work."

Landie's case, 124 N. C., 528—"Frank dead.   Meet depot at Wadesboro.   Bury him in Chesterfield. Grave three feet."

Dowdy's case, 124 N. C., 522—"Come home at once; baby is very sick."

In every case in which such damages have been allowed, the fact that the telegraph company had notice of the urgency and importance of the message has been relied on to warrant the recovery, are alluded to in the opinion.

KENNON *v.* TELEGRAPH CO.

The Court erred in refusing the first prayer for instructions, which was as follows:"As there was nothing in the message to indicate the importance of prompt delivery, nor was the attention of the company in anyway called to such matters, the plaintiff can not recover any damages for mental suffering, and you will not take that into consideration in making up your verdict.".

A case in which the facts are almost identical with the present is *Telegraph Co. v. Bryant,* 46 N. E. Report, 358.

It is unnecessary to consider the other assignments of error. Of course the plaintiff can always recover the sum paid for any message which is not delivered promptly, for promptness in delivery is the very essence of the contract in sending a telegram.

New trial.