BENNETT v. TELEGRAPH CO.

(Filed April 9, 1901.)

1. APPEAL—*Exceptions—Waiver.*

A defective averment of a good cause of action is cured by a failure to demur thereto.

2. TELEGRAPHS — *Mental Anguish — Damages — Relationship of Parties—Presumption.*

Mental anguish will not be presumed from failure of father-in-law to be at funeral of daughter-in-law, but is a matter of proof.

3. TELEGRAPHS—*Relationship of Parties.*

The relationship of the parties need not be disclosed in the message, where the telegram relates to sickness or death.

4. INSTRUCTIONS—*Special Instructions—Trial.*

It is the duty of the trial judge to set out specifically in the case on appeal the charge he gave in lieu of the instruction requested.

ACTION by R. L. Bennett against The Western Union Telegraph Company, heard by Judge *E. W. Timberlake* and a jury, at November Term, 1900, of SURRY County Superior Court. From a judgment for the plaintiff, the defendant appealed.

*Watson, Buxton & Watson*, for the plaintiff.
*Glenn & Manly*, for the defendant.

CLARK, J. The defendant objects in this Court for the first time, that the complaint does not aver directly that the sendee would have come if he had received the message promptly. It is alleged inferentially. The direct averment should have been made, but upon the face of the complaint there is not a "statement of a defective cause of action," but a "defective statement of a good cause of action," which is cured by fail-

ing to demur thereto. *Ladd v. Ladd,* 121 N. C., 118, and other cases cited in Clark's Code (3rd Ed.), sec. 242; *Bank v. Cocke,* 127 N. C., 473. As the case goes back on another ground, the plaintiff will have opportunity to ask leave to amend.

The objection that the relationship of sendee (father-in-law) does not entitle plaintiff to recover for mental anguish, by reason of failure to be at his daughter's funeral, is answered by the discussion and decision in *Cashion v. Tel. Co.,* 123 N. C., 267. The relationship of the parties need not be disclosed in the message where the telegram relates to sickness or death. *Lyne v. Tel. Co.,* 123 N. C., 129; *Cashion v. Tel. Co.,* 124 N. C., 459; *Kennon v. Tel. Co.,* 126 N. C., 232. In fact, however, in this case it was shown on the face of the telegram and the agent also had knowledge of the fact. *Kennon v. Tel. Co.,* 126 N. C., 232.

Without discussing the other matters, which may not arise in another trial, it appears that in response to the sixth prayer for instruction (which taken and construed as a whole was proper), the case merely states, "the Court charged the jury fully upon the law. to which there was no exception." But the appellant was entitled to have the Judge set out what he charged in lieu of that prayer, that this Court might see whether it "substantially" or "fully" covered the prayer asked. *Wilson v. Ry.,* 120 N. C., 531.

New trial.