# Western Union Telegraph Co. *v.* Ayers.

*Action for Negligent Failure to Deliver Telegraph Message.*

1. *Damages; mental suffering; relationship.*—Where the father of a sick child sends a telegram summoning his brother-in-law to the child's bedside, and on account of the negligence of the company the sendee, who is the child's uncle, does not receive the telegram in time to reach the child before its death, and the father sues for damages for mental anguish and suffering, there can be no recovery, because there does not exist between the sender, the sendee, and the person concerning whom the message is sent that close degree of relationship from which natural love and affection are presumed.

2  *Charges; mental suffering; relationship.*—In an action against a telegraph company for the negligent failure to deliver a message sent by the father of a sick child summoning his brother-in-law to the child's bedside, which message the sendee, the uncle of the child, did not receive until too late to reach the child before its death, and the father sues for damages for mental anguish and suffering, charges that instruct the jury that there can be no recovery for mental anguish and suffering occasioned by the absence of the brother-in-law should be given.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHAS. A. SENN.

This was an action by the appellee, H. L. Ayers, against the appellant, the Western Union Telegraph Company, for negligent failure to deliver a telegraphic message sent by appellee to his brother-in-law.

At the trial there were motions to strike several parts of the complaint, but no mention of these motions were made in the bill of exceptions. The facts of the case are sufficiently shown in the opinion.

The defendant requested the following charges, which were refused: (1.) "The plaintiff, under the evidence in this case, is not entitled to recover damages for any mental anguish which the jury may believe from the evidence the plaintiff suffered by reason of the absence of his brother-in-law, W. H. Gill, during the last illness of the child Ina." (4.) "If the jury believe the evidence they cannot award any damages for any mental anguish which the jury may believe from the evidence the plaintff may have suffered by reason of being deprived of the presence, consolation and comfort of his brother-in-law, W. H. Gill, at the sick bed of the plaintiff's child, Ina." (10.) "If the jury believe the evidence they cannot award any damages for any mental anguish which the jury may believe from the evidence the plaintiff may have suffered because of any suffering his sick child may have experienced because of the absence of her uncle, W. H. Gill, during her last illness." (15.) "The court charges the jury that they cannot award the plaintiff any damages for mental pain and anguish he may have suffered in not having aid, comfort and support of the plaintiff's brother-in-law at the time of the death of plaintiff's daughter."

Verdict and judgment were had for the plaintiff; defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

WALKER, TILLMAN, CAMPBELL & PORTER, for appellant, cited *W. U. Tel. Co. v. Steinburgen*, 54 S. W. Rep. 829; *W. U. Tel. Co. v. Lusk*, 41 S. W. Rep. 469; *W. U. Tel. Co. v. Coffin*, 30 S. W. Rep. 896; *W. U. Tel. Co. v. McMillan*, 30 S. W. Rep. 298; *W. U. Tel. Co. v. Garrett*, 34 S W. Rep. 649; *W. U. Tel. Co. v. Gibson*, 39 S. W. Rep. 198; *W. U. Tel. Co. v. Brown*, 2 L. R. A. 768; *W. U. Tel. Co. v. Davidson*, 54 S. W. Rep. 853.

WARD & DRENNEN, *contra*, cited *W. U. Tel. Co. v. Russell*, 33 S. W. Rep. 708; *W. U. Tel. Co. v. Robinson*.

37 S. W. Rep. 545; *Cashin v. W. U. Tel. Co.*, 31 S. E.
Rep. 493 and 32 S. E. Rep. 746; *W. U. Tel. Co. v. Lavendar*, 40 S. W. Rep. 1035.

DOWDELL, J.—The appellee, H. L. Ayers, sued the
appellant, Western Union Telegraph Co., for negligent
failure to deliver a telegraphic message. In each count
of the complaint mental anguish and suffering is laid
as an element of damage. The message which was delivered to the appellant company for transmission was
as follows: "Birmingham, Ala., Oct. 10, 1899. To W.
H. Gill, Morris, Ala. Ina not expected to live. Come
at once. (Signed) H. L. Ayers." Ina, the person
named in the message, was an infant daughter of H. L.
Ayers. W. H. Gill, the person to whom the message
was addressed, is the brother-in-law of H. L. Ayers and
uncle of the said Ina. The message was not delivered
to Gill in time for him to reach the home of appellee
before the death of appellee's daughter Ina, which occurred about 10:48 p. m. of the day on which the message was sent. It is averred in the complaint that the
mental pain and anguish suffered by the plaintiff, and
for which damages are claimed, was on account of the
absence of Gill from the bedside of plaintiff's daughter
Ina, in her dying moments, and that this was caused by
the negligence of the defendant in transmitting and delivering the telegram.

This is the first time, so far as we are advised, that
the precise question here presented has been before this
court. In all of the cases which have heretofore been
considered by this court where damages for mental
suffering have been claimed and allowed, on account of
negligence in the transmission or delivery of telegraphic
messages, there existed a relationship of the closest and
most affectionate kind, such as husband and wife, parent and child, or brother and sister, between the sendee
and the person concerning whom the message was sent,
and furthermore generally the party suing being the
one, who was prevented by reason of the negligence complained of from being present at the death-bed or funeral
of such deceased relative. In cases where the damages
are claimed for mental pain and suffering by the

sender of the message on account of the absence of the sendee resulting from the negligence of the carrier, a like close and affectionate relation must exist between the sender, sendee and the person concerning whom the message is sent. That the father of Ina in the present case suffered great mental pain and anguish on account of her approaching death was most natural, and the law would presume as much, but how the absence of a brother-in-law on such occasion could add to the intensity of his anguish and mental suffering, or how a jury could determine such a question, is difficult to conceive or understand. We are unwilling to extend the doctrine of recoverable damages on account of mental pain and suffering to cases of this character, wherein there does not exist that close degree of relationship, such as parent and child, husband and wife, brother and sister, from which natural love and affection are presumed. To do so would, in our judgment, tend to promote and encourage a species of litigation more or less speculative in its nature and unjust and oppressive in its results. The weight of authority, as well as sound reason, seem to be against it, and we prefer to follow the doctrine as laid down upon this question in the following cases: *Western Union Tel. Co. v. Steinburger,* 54 S. W. Rep. 829; *Western Union Tel. Co. v. Luck,* 41 S. W. Rep. 469; *Western Union Tel. Co. v. Coffin,* 30 S. W. Rep. 896; *Western Union Tel. Co. v. McMillan,* 30 S. W. Rep. 298; *Western Union Tel. Co. v. Garrett.* 34 S. W. Rep. 649; *Western Union Tel. Co. v. Gibson,* 39 S. W. Rep. 198; *Western Union Tel. Co. v. Brown,* 2 L. R. A. 766; *Western Union Tel. Co. v. Davidson,* 54 S. W. Rep. 853, rather than that laid down in the case of the *Western Union Tel. Co. v. Cashin,* reported first in 31 S. E. Rep. 493, and again in 32 S. E. Rep. 746.

Rulings upon motions to strike pleadings can only be reviewed here when properly presented by bill of exceptions. The bill of exceptions in the present case contains no reference to the action of the court on motions to strike. Since the question we have considered was properly reserved on objections to evidence and by charges requested by the defendant there exists no neces-

sity for considering the ruling on the demurrers by which it was sought to raise the same question.—*Goldsmith, Forcheimer & Co. v. Picord*, 27 Ala. 142.

The rulings of the trial court not being in conformity with the views above expressed, the judgment will be reversed and the cause remanded.

Reversed and remanded.