# Western Union Telegraph Co. *v.* Crocker.

## *Action against Telegraph Company for Negligent Failure to deliver Message.*

1. *Pleading and practice; how motion to strike should be shown on appeal.*—In order for the rulings of a trial court upon motion to strike certain portions of the complaint, to be considered on appeal, such rulings should be presented by bill of exceptions.

2. *Action against telegraph company; when damages for mental suffering recoverable.*—When the father of a sick child sends a telegram summoning his mother-in-law to the child's bedside, and on account of the negligence of the telegraph company, the sendee, who was the child's grandmother, does not receive the telegram in time to reach the child before his death, the father of the child can recover of the telegraph company damages for mental anguish and suffering; the relationship existing between the sender and sendee and the person concerning whom the message is sent, being of that close degree from which natural love and affection are presumed.

3. *Same; same; charge of court to jury.*—In an action against a telegraph company for the negligent failure to deliver a message sent by the father of a sick child, summoning his mother-in-law to the child's bedside, which message the sendee, the grandmother of the child, did not receive until too late to reach the child before he died, where the father sues for damages for mental anguish and suffering, charges which instruct the jury that there can be a recovery for mental anguish and suffering occasioned by the absence of the mother-in-law, should be given, and charges which instruct the jury that there can be no recovery for mental anguish and suffering, are erroneous and properly refused.

4. *Action for failure to deliver telegram; admissibility of evidence.* In an action against a telegraph company for the negligent failure to deliver a message sent by the father of a sick child, summoning his mother-in-law to the child's bedside,

[Western Union Telegraph Co. v. Crocker.]

which message the sendee, the grandmother of the child, did not receive until too late to reach the child before its death, where the father sues for damages for mental anguish and suffering, it is not competent for the defendant to show, upon the cross-examination of the sendee of such message, how many children and grandchildren she had, and how widely scattered they were.

5. *Action for failure to deliver telegram; when damages assessed not excessive.*—In an action against a telegraph company for the negligent failure to deliver a message sent by the father of a sick child, summoning his mother-in-law to the child's bedside, which message the sendee, the grandmother of the child, did not receive until too late to reach the child before its death, where the father sues for mental anguish and suffering, the assessing of plaintiff's damages at two hundred and twenty-five dollars is not excessive.

APPEAL from the City Court of Birmingham.

Heard before the Hon. CHAS. A. SENN.

This was an action brought by the appellee, William S. Crocker, against the Western Union Telegraph Company, to recover damages for the negligent failure to deliver a telegraphic message; the damages claimed being $1,000 for mental suffering and anguish.

The message and the relationship of the sender and sendee and the other material facts of the case are sufficiently shown in the opinion.

During the examination of a witness for the plaintiff, he proved against the separate objections and exceptions of the defendant, the close and tender relationship existing between the sendee, the grandmother of the infant child, and the child himself, and that while the child was dying, he asked for his grandmother. There was also evidence introduced on the part of the plaintiff, against the objection and exception of the defendant, showing that the sendee of the message, the grandmother of the child, was accustomed to spend a great deal of time at the home of the plaintiff.

Upon the introduction of all the evidence, the court gave, among others, the following written charges, requested by the plaintiff: (1.) "The court charges the jury that if they believe the evidence, they must find for the plaintiff." (2.) "In determining whether plain-

tiff suffered pain or mental anguish on account of the non-attendance of the grandmother, the jury may look at all the facts in evidence and from them and their common experience in every day affairs, determine whether there was any mental suffering, and the amount of the same." To the giving of these charges the defendant separately excepted.

The defendant also separately excepted to the refusal of the court to give the following written charges, among others, requested by it: (1.) "I charge you that the measure of damages in this cause is the price paid by plaintiff for the transmission of the message." (2.) "I charge you that you can not assess any damage in favor of the plaintiff in this cause predicated upon his having suffered mental pain and anguish." (7.) "The court charges the jury that they can not award the plaintiff any damages for mental pain and anguish he may have suffered in not having the aid, comfort and support of the plaintiff's mother-in-law at the moment of the death of his son." (12.) "The court charges the jury that they can not award the plaintiff any damages for mental pain and anguish he may have suffered by the absence of the comfort, aid and support of the presence of his mother-in-law would have been to him during the last hour or hours of the life of his son, and at the time of the death of his son." (14.) "I charge you that you can not assess in favor of the plaintiff any damages in this case predicated upon any mental pain and anguish suffered by plaintiff in seeing his son die without the presence of his grandmother, and in the absence of the comfort, aid and support her presence would have been to him on such a trying occasion, in the absence of proof that the grandmother could or would have rendered to plaintiff's said son aid in his illness."

There were verdict and judgment for the plaintiff, assessing his damages at $225. The defendant made a motion for a new trial, assigning as grounds therefor the several rulings of the trial court to which exceptions were reserved, and also that the verdict of the jury was

excessive. The court overruled this motion, and to this ruling the defendant duly excepted.

WALKER, TILLMAN, CAMPBELL & PORTER, for appellant, cited *Telegraph Co. v. Coffin*, 88 Texas, 94; *W. U. T. Co. v. McMillan*, 30 S. W. Rep. 298; *W. U. T. Co. v. Steinberger*, 54 So. W. Rep. 829; *Davidson v. W. U. T. Co.*, 54 So. W. Rep. 853.

WARD & HOUGHTON, *contra*, cited *W. U. T. Co. v. Henderson*, 89 Ala. 510; *Same v. Wilson*, 93 Ala. 32; *Same v. McNair*, 120 Ala. 99; *Same v. Adair*, 115 Ala. 441; *Same v. Luck*, 40 S. W. Rep. 753; *Same v. Robinson*, 37 S. W. Rep. 545; *Cashion v. W. U. T. Co.*, 32 S. E. Rep. 746.

DOWDELL, J.—This is an action by the appellee against the appellant to recover damages for the negligent failure to deliver a telegraphic message. Damages are claimed for mental suffering and anguish. This is the main and practically the only question in the case. And it is sought in various ways to be raised—by motions to strike out of the complaint certain averments, by demurrer, by objections to the introduction of evidence, and by written charges requested to be given to the jury. Questions on motions to strike will be considered on appeal only when properly presented by bill of exceptions. That was not done here. The bill of exceptions fails to show any ruling on the motion and exception thereto. The question, however, as to whether damages for mental suffering can be recovered under the facts of this case, has been otherwise fairly presented on exceptions reserved to the introduction of evidence, and by charges requested and refused.

The telegram, which it is alleged that the defendant negligently failed to deliver, was as follows: "To L. C. Mullin, Gate City, Ala.: Walter is worse, come on midnight train. W. S. Crocker." Walter was the four year old son of the sender, W. S. Crocker, and the grandson of the sendee, L. C. Mullin, who was the mother-in-

law of Crocker. The message was written and delivered to the defendant at 1 p. m., and paid for, in ample time for its transmission and delivery to the sendee, in order for her to take the train designated. The non-delivery of the telegram is not denied. In its transmission from the receiving office to the delivery office of the defendant, the name of the sendee was changed. This was the negligence or fault of defendant's agents or employes. The agent who received the message for transmission, knew the sender and the sendee, and knew the relationship that existed between them, and knew that Walter, the person mentioned in the message, was the son of the plaintiff, and grandson of L. C. Mullin. In consequence of the failure to deliver the telegram Mrs. Mullin did not reach the home of the plaintiff until after the death of his son, and then, after having been sent for by the plaintiff.

In *Western Union Tel. Co. v. Ayers,* 131 Ala. 391; 31 So. Rep. 78, where the relationship between the sender and sendee was that of brother-in-law, and the relationship of the sendee to the infant child mentioned in the message, was that of uncle, we expressed an unwillingness to extend the doctrine of recoverable damages for mental pain and suffering for the negligent failure to deliver a telegraphic message, to that relationship. Here the relationship between the sender and sendee, is nearer and stronger. It is the closest of all relationship by affinity, and from which, if love and affection do not naturally spring, it is on account of some exceptional reason or cause. A love, too, that is strengthened in the birth of the grandchild. The tender and doting love of the grandmother for her grandchild, and the reciprocal confiding love of the little child, is a matter of common knowledge. The father in sending the message knew of the affection existing between his child and the grandmother, and would have been an unnatural father, not to have been sustained and comforted by her presence, or pained and grieved by her absence, in the trying hour of the death of his son. We are of the opinion, that the relationship between sender and sendee, and

[Breeding v. Grantland.]

person named in the message, is such as to warrant the recovery of damages for mental suffering and anguish. The rulings of the trial court on the admission of evidence, and in the giving and refusal of written charges, being in harmony with this view, were free from error.

The defendant on the cross-examination of Mrs. L. C. Mullin sought to show by her, how many children and grandchildren she had, and how widely scattered they were, which the court, on plaintiff's objection, refused to permit. This evidence was wholly immaterial and irrelevant, and the court committed no error in sustaining plaintiff's objection to its introduction.

There was a motion for a new trial, which was denied. The grounds of the motion, with the exception of the one as to the verdict being excessive, raised the same questions raised on the trial, and which we have already considered. As to the verdict being excessive, we see no reason for differing with the finding of the jury, and the trial court in sustaining the verdict.

We find no reversible error, and the judgment will be affirmed.