### 6784

### AMOS v. WESTERN UNION TEL. CO.

TELEGRAPH COMPANIES—DAMAGES.—MENTAL ANGUISH or distress suffered by a father by reason of failure to reach the bedside of his sick daughter-in-law, caused by delay in delivery of a telegram, can not be recovered for under mental anguish statute unless the telegraph company had notice of the tender, affectionate relation existing between the father and daughter-in-law, and it is so alleged in the complaint.

*Butler* v. *Tel. Co.,* 77 S. C., 148, *affirmed.*

Before DANTZLER, J., Cherokee.     Reversed.

Action by M. D. Amos against Western Union Telegraph Company.   From judgment for plaintiff, defendant appeals.

, *Messrs. George Fearons, John Gary Evans* and *J. C. Jeffries,* for appellant, cite: *Recoverable damages is that arising from defendant's breach of duty:* 25 Ency., 86; 55 Tex., 308; 70 S. C., 422. *Plaintiff should have used all means in his power to minimize his damages:* 69 S. C., 539; 27 Ency., 1033; 75 S. C., 189, 355. *There is no presumption that mental anguish follows from failure to deliver a message announcing sickness of daughter-in-law:* 77 S. C., 150; Joyce on Elec. L., Sec. 3820; Thomp. on Neg., Secs. 2478, 2483; Jones on Tel. & Tel. Cos., Sec. 541.

*Messrs. Butler & Osborne,* contra, cite: *Kind of mental anguish suffered is for jury:* 76 S. C., 275; 69 S. C., 531. *Sendee can recover in such case if message is of importance to him:* 77 S. C., 179. *As to other means of mitigating damages:* 73 S. C., 384; 77 S. C., 56, 402. *In reviewing the Butler case counsel cite:* 70 S. C., 418; 76 S. C., 305; 45 L. R. A., 160; 77 S. C., 179; 54 L. R. A., 160; 123 N. C., 129; 27 Ency., 1965; 66 Am. St. R., 869; 2 L. R. A., 766; 59 L. R. A., 398; 34 S. E., 841; 38 S. E., 294; 34 L. R. A., 431.

March 2, 1908.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an action for damages alleged to have been sustained by the plaintiff as a result of the defendant's failure to deliver a telegram.

There was a demurrer to the complaint, and, as it will be necessary to refer to it, for the purpose of ascertaining the exact cause of the action therein alleged, we reproduce it.

The first paragraph alleges the corporate existence of the defendant.

The other allegations are as follows:   "That on May 31, 1905, plaintiff was, and had for a long time been, living at Gaffney, S. C., and his son, Hazel Amos, at Jonesville, S. C.   That on said day, in the afternoon, said Hazel Amos delivered to the agent of the defendant at Jonesville, S. C., for transmission and delivery by the defendant to the plaintiff at Gaffney, S. C., a certain telegraph message addressed to plaintiff, in the following words: 'My wife is dying. Come at once.'   Signed Hazel Amos, and then and there duly prepaid to the defendant's agent at Jonesville aforesaid the amount charged for the transmission and delivery of said message, and defendant, by its agent, then and there received said message and agreed and undertook to forthwith transmit and deliver the same to plaintiff, at his said address, with all reasonable dispatch.

"That by the inattention, carelessness and negligence of the defendant, said message was not delivered until about 9:30 a. m. the next day, although same could easily have been transmitted and delivered to plaintiff the afternoon of the 31st of May.

"That if said message had been delivered to plaintiff promptly, or with reasonable dispatch, as it was defendant's duty to do, plaintiff would have received the same in due time to have reached his son's wife the next morning, but that by reason of the delay in the transmission and delivery of it, he did not reach there till the night of the next day, and in consequence thereof he was, during said period, caused to suffer great mental pain, distress and anguish, being all the while in great mental pain, distress and anguish for fear lest his said daughter-in-law should die before he could reach her, and that said pain, distress and anguish were due to the aforesaid gross and wanton carelessness and negligence of the defendant, to his damage in the sum of two thousand dollars, for which he asks judgment."

The grounds of demurrer were as follows: "Because the telegraph company had no knowledge from the telegram, of any tender, affectionate relations existing between the plaintff and daughter-in-law, which would put it on notice of any mental anguish or distress as a consequence of delay in the delivery of the same. Neither does the complaint contain such allegations.

"Under the mental anguish act, the law does not presume suffering or mental anguish to result to a father-in-law by reason of a delay in a telegram informing him of the condition of his daughter-in-law. Such damages are recoverable only between near blood relations."

The allegation is, that if the message had been delivered promptly, the plaintiff would have received it in time to have reached *his son's wife* the next morning, and that anguish which, it is alleged, he suffered was, "for fear lest his *daughter-in-law* should die before he could reach her." There is no allegation that he suffered mental anguish by

reason of the fact that he could not be with his son, to console him during his distress on account of his wife's sickness.

In the case of *Butler* v. *Tel. Co.*, 77 S. C., 148-153, 57 S. E., 757, the Court, after citing a number of authorities, uses this language: "From the foregoing authorities it will be seen: 1st. That a plaintiff can only recover such damages as are the direct and proximate result of a wrongful act on the part of the defendant. 2d. That mental anguish by a brother-in-law may be the result naturally and reasonably to be anticipated, from the failure to deliver a telegram, but there is no presumption that such injury has been sustained. 3d. That if in the particular case, one related merely by affinity sustains damages, they are special, and the defendant must have notice of the facts, from which it may be reasonably expected they would arise, at the time the message is delivered for transmission."

It will be thus seen, that the damages which the plaintiff sustained by reason of the fact that the failure of the defendant to deliver the message promptly prevented him from going to the bedside of his daughter-in-law, were special.

As the damages were special, they are not recoverable unless the defendant had notice of the facts giving rise to them, nor are they recoverable unless they are expressly alleged in the complaint. *Mood* v. *Tel. Co.*, 40 S. C., 524, 19 S. E., 67; *Traywick* v. *Ry. Co.*, 71 S. C., 82, 50 S. E., 549; *Butler* v. *Tel. Co.*, 77 S. C., 148, 57 S. E., 757.

The complaint in the case under consideration fails to allege any facts tending to show that the relations which existed between the plaintiff and his daughter-in-law were of a tender and affectionate nature.

The demurrer, therefore, should have been sustained.

This Court granted permission to the appellant's attorneys to review the case of *Butler* v. *Tel. Co.*, 77 S. C., 148, 57 S. E., 757, but we adhere to the principles therein announced.

The next question that will be considered is, whether there was error in refusing the motion for nonsuit.

The plaintiff did not claim punitive damages.

The motion was made "on the ground that there is no competent testimony to go to the jury to support a claim for damages caused by suffering mental anguish, and the further fact, that the evidence shows that the telegram was sent for the benefit of the dying wife, and that if he suffered any mental anguish it was incidental to the receipt of the telegram, and not the kind that can be recovered for."

The record shows that the following took place during the examination of the plaintiff: "Q. Your son has testified you thought a great deal of your daughter-in-law—state whether or not that is true? A. Yes, sir. Mr. Jeffries: We object. There is no allegation in the complaint as to that. Court: I think not, Mr. Osborne."

It will thus be seen, that when the plaintiff undertook to testify as to the tender and affectionate relations between himself and his daughter-in-law, objection was made to such testimony, and his Honor, the presiding judge, ruled that it was incompetent, as there were no allegations to that effect in the complaint. There was error, also, in refusing the motion for nonsuit.

It is the judgment of this Court, that the judgment of the Circiut Court be reversed and the case remanded to that Court for a new trial.