JAMES FOREMAN, Appellant, v. WESTERN UNION TELE-GRAPH CO., Appellee.

**Telegraphs:** DEATH MESSAGE: NONDELIVERY: RECOVERY FOR MENTAL SUF-FERING. Relation by affinity, only, will not raise a presumption of such cordial intimacy between the deceased and the addressee in a death message, as will support a recovery for mental suffering for its nondelivery, but the intimate relations of the parties must be shown; it is not necessary however that the company should know of their special relations at the time of sending the message.

**Same.** A son may recover damages for mental anguish by reason of the nondelivery of a message to his father announcing the death of his wife, thus causing the father's failure to attend the funeral; and it is not necessary to the recovery that the telegraph company had notice that it would cause him mental anguish if his father were not present.

*Appeal from Buchanan District Court.—Hon. Franklin
C. Platt, Judge.*

Wednesday, June 10, 1908.

Rehearing Denied Tuesday, January 26, 1909.

Action at law to recover damages for the nondelivery
of a telegram. The trial court directed a verdict for plain-
tiff in the sum of $1, and he, plaintiff, appeals.—*Reversed.*

*Cook & Cook,* for appellant.

*Carr, Hewitt, Parker & Wright, Geo. H. Fearons,*
and *E. E. Hasner,* for appellee.

Deemer, J.—The petition is in two counts. In the
first plaintiff asks damages for pain and anguish re-
sulting from the failure of defendant to deliver a tele-
gram sent by his plaintiff's son from Wausa, Neb., announc-
ing the death of the son's wife; and, in the second, for
pain and anguish suffered by the son resulting from the
nondelivery of the message to plaintiff, the said claim
having been assigned to plaintiff. It was alleged in
each count that defendant, when it received the message,
was informed that it related to the death of the son's
wife. The message read as follows: "To James Fore-
man, Independence, Iowa. Sena died at 2:30 this p. m.
W. J. Foreman. September 22nd, 1906"—and the charge
upon the same was $1, which was paid by the son, W.
J. Foreman. At the conclusion of plaintiff's testimony,
the trial court directed a verdict for plaintiff in the sum
of $1, the amount paid for sending the message. The
motion was sustained on the theory that the failure to
deliver the message was not the proximate cause of the
pain and suffering; that the relationship of the parties

being by affinity only was not such that pain and suffer-
ing would be presumed; that it did not appear from the
message that it was desired that plaintiff should attend
the funeral, and that the defendant had no notice that
any such attendance was desired, or that any special re-
lations existed between plaintiff and his daughter-in-law
as that pain and suffering would follow from the nonde-
livery of the message. Neither count of the petition con-
tains an allegation of any special relations of friendship
or affection between plaintiff and his daughter-in-law; nor
does it charge the defendant with notice or knowledge
thereof.

It is contended for appellee that, as there was no
blood relationship between the plaintiff and his daughter-
in-law, no presumption of pain and suffering obtains,
and that it was incumbent on plaintiff to show by alle-
gation and proof that such relations, in fact, existed be-
tween them as that pain and suffering in fact arose out
of the nondelivery of the message, and that defendant had
knowledge thereof. As to the second count of the petition,
it is contended that, as the son did not notify the tele-
graph company when he filed the message that he would
suffer if his father were prevented from attending the
funeral, no damages are recoverable beyond the nominal
sum paid for the message. It is further argued that the
testimony shows that the son's suffering, if any, was due
to the failure, not only of the father to attend the fun-
eral of his wife, but also to his sisters' absence from the
funeral, and that the son did not distinguish the suffer-
ing sustained by reason of the failure of the father to
attend from that of his anguish over the nonappearance
of his sisters. The negligence of the defendant in fail-
ing to make delivery of the telegram is practically con-
ceded, and our discussion will be confined to the proposi-
tions above stated.

That there may be a recovery of substantial damages

due to pain and suffering from the nondelivery of a death message is the rule of this court. See *Mentzer v. Telegraph Co.,* 93 Iowa, 752; *Cowan v. Telegraph Co.,* 122 Iowa, 379; *Hurlburt v. Telegraph Co.,* 123 Iowa, 295. In each of these save the *Cowan* case there was a blood relationship between the parties. In *Cowan's* case the sender of the message was the wife of the deceased, and the message was to be delivered to her relatives. These cases also establish the rule that, when there is a close blood relationship, friendly, affectionate, and cordial relationships will be presumed, and that there need be no affirmative proof that they existed. The question we now have before us is: Will such relations be presumed in cases where the parties are not related by blood but by affinity only? Upon this proposition there is a sharp and decided conflict in the authorities. The action being for tort, our rule is "that the party at fault must respond for all the injurious results which flow therefrom by ordinary and natural sequence without the interposition of any other negligent act or overpowering force." That one will suffer from failure to deliver a message relating to the death of a near relative is to be presumed, and damages therefrom follow as an ordinary and natural sequence; but where the relationship is by affinity, and no facts are either pleaded or proved showing any special friendship or affection, no presumption of pain and suffering should arise, for it is common knowledge that from such relationship alone no presumption arises which will justify an inference that for failure to deliver a message pain and suffering will result. Some cases, and perhaps a majority of them, go to the extent of holding that, even if such special relations of affection and friendship exist, there is no liability on the part of the telegraph company unless it has knowledge or notice thereof. But this rule does not appear to us to be sound. The question we

*Marginal note:* 1. TELEGRAPHS: death message: nondelivery: recovery for mental suffering.

regard as one of presumption of pain and suffering, rather than of notice to the company. If the special relations exist, damage follows as a necessary sequence, and it is not necessary to show that the defendant had knowledge of these special relations. The message related to the death of the son's wife, and of this defendant had knowledge. The relationship of the parties need not appear upon the face of the message, nor is it essential that defendant should know of the special relations existing between the parties interested. That some damage would likely be expected to follow from failure to deliver defendant well knew; and it is not essential that it be advised of the exact damage to be anticipated. *Lyne v. Telegraph Co.,* 123 N. C. 129 (31 S. E. 350); *Cashion v. Telegraph Co.,* 124 N. C. 459 (32 S. E. 746, 45 L. R. A. 160); *Kenson v. Telegraph Co.,* 126 N. C. 232 (35 S. E. 468); *Bennett v. Telegraph Co.,* 128 N. C. 103 (38 S. E. 294); *Hunter v. Telegraph Co.,* 135 N. C. 458 (47 S. E. 745); *Telegraph Co. v. Coffin,* 88 Tex. 94 (30 S. W. 896); *Telegraph Co. v. Crocker,* 135 Ala. 492 (30 South. 45, 59 L. R. A. 398). The rule above announced seems to be sound in principle, although it is not in accord with that adopted in Alabama, South Carolina, and Texas. See *W. U. Co. v. Ayers,* 131 Ala. 391 (31 South. 78, 90 Am. St. Rep. 92); *Butler v. Telegraph Co.,* 77 S. C. 148 (57 S. E. 757); *W. U. Co. v. Wilson,* 97 Tex. 22 (75 S. W. 482). Of the South Carolina cases it may be said that they are based upon a statute allowing recovery by blood relatives. See *Amos v. Telegraph Co.,* 79 S. C. 259 (60 S. E. 660). And in Alabama the rule is somewhat in doubt in view of the decision in *W. U. Co. v. Crocker,* 135 Ala. 492 (30 South. 45, 59 L. R. A. 398). By reason of plaintiff's failure to allege and prove special, affectionate, friendly and cordial relations between him and his son's wife, the trial court was right in directing a verdict on the first count of the petition.

II.   The second count of the petition is for mental anguish suffered by the son because of his father's failure to attend the funeral of the wife.   Defendant was notified when the message was filed, that it related to the wife of W. J. Foreman.   It is contended that defendant is not liable on this count, for the reason that it was not notified that the son would suffer if his father should be prevented from attending the funeral.   There is no merit in this contention, although it seems to have some support in the cases.   See *W. U. Co. v. Luck,* 91 Tex. 178 (41 S. W. 469, 66 Am. St. Rep. 869); *W. U. Co. v. Weniski* (Ark.) 106 S. W. 486.   Our own case of *Cowan v. Telegraph Co., supra,* seems to settle this proposition in favor of appellant.   Moreover, the cases relied upon by appellee are not strictly in point.   In view of the holding in *Cowan's* case, there is no need for further discussion of this matter.   See, also, as sustaining, the same rule, *W. U. Co. v. Crocker,* 135 Ala. 492 (33 South. 45, 59 L. R. A. 398); *Telegraph Co. v. Giffen,* 27 Tex. Civ. App. 306 (65 S. W. 661).   The trial court was in error in directing the verdict on this count.

2. SAME.

III.   One ruling on the admission of testimony is complained of.   If there be error here, it was afterward cured, for the same matter was proved by another witness.

For the errors pointed out, the judgment must be, and it is, *reversed.*