# Shaw *against* Reed.

The owner of a raft, although not present, is liable for any damage which may be done to the property of others upon the river, occasioned by negligence or unskilful management of his pilot.

ERROR to the Common Pleas of *Clearfield* county.

William C. Reed against Richard Shaw. This was an action on the case, to recover damages for injury done to the plaintiff's raft on the Susquehanna, by which it was wholly lost. It appeared that the plaintiff's raft was lashed to the shore in the Muncy dam, and the defendant's raft, which was conducted by a skilful pilot, the owner not being with it, was coming down the river, and made an effort to land above the plaintiff's raft but failed, in consequence of which it ran against it, broke it loose from its fastenings, and it was driven off, broke up and lost.

The court below (WOODWARD, President) instructed the jury that if the injury done to the plaintiff was caused by the negligence or unskilfulness of the persons who had charge of the defendant's raft, he was liable in this action, although he was not present, and although he had employed men who were reputed to be skilful watermen. The question of negligence as to the situation of the plaintiff's raft, and the manner and time of running the defendant's, were submitted to the jury.

*Wallace* and *Blanchard*, for plaintiff in error, argued that the defendant was not liable, that the suit should have been against the pilot. 2 *Bac. Ab.* 151; 12 *Serg. & Rawle* 112; 3 *Stark.* 12; 2 *Stark.* 438; 14 *Pick.* 1; 2 *Stark. Ev.* 34; 1 *East* 106.

*Burnside*, contra, on the same point cited 4 *Dall.* 20; 5 *Bos. & Pul.* 102; 6 *Whart.* 321; 8 *Pick.* 23; 21 *Pick.* 254.

[Shaw v. Reed.]

The opinion of the Court was delivered by

ROGERS, J.—The judgment is affirmed, for the reasons given by Judge Woodward. Throughout the whole cause Wurtz is treated as the servant of Shaw, and of course Shaw is answerable for any damages caused by his negligence. The raft was constructed by Shaw in the usual mode for market, and committed to the custody of Wurtz, but on what terms he took charge of it does not appear. Wurtz, it seems, employed the hands, but who paid them we are not informed. The case is governed by the principles applicable to the law of master and servant, and it follows that the suit is well brought, as in nothing does it differ from the case of a stage-driver, a captain or pilot of a ship, for whose negligence the owners are unquestionably liable. We think the court right in leaving it to the jury to decide whether there was negligence in the person who had charge of plaintiff's raft, leaving it after tying up, without any one on board. It depends so much on the usage of the river, which the jury is most competent to decide, that we cannot say that in this there was error.

The first and fourth errors were properly abandoned in the argument.

Judgment affirmed.