Stutz vs. The Chicago & Northwestern R. Co.

STUTZ, Respondent, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

| 73 | 147 |
|----|-----|
| 73 | 158 |
| 73 | 147 |
| 80 | 618 |
| 73 | 147 |
| 94 | 483 |

*November 16 — December 4, 1888.*

DAMAGES: RAILROADS: EVIDENCE. *(1) Personal injuries: Fright. (2) Extent of injuries: Married woman: Inability to perform work. (3) Future suffering. (4) Excessive damages: Appeal. (5) Cross-examination: Immaterial error.*

1. The car in which the plaintiff was riding on defendant's railroad having stopped, in the night time, several hundred feet distant from the platform of the depot at her destination, she was directed by the conductor to leave the train at that place, and was compelled to walk up along a side track in which there was an open culvert or cattle-guard. Not knowing of such culvert she fell into it, in the darkness, and was injured. While she was trying to extricate herself, those in charge of the train switched some cars towards her on the side track, greatly frightening her. The conductor knew of the culvert in the track along which the plaintiff would be compelled to walk, and that cars would be switched upon such track. *Held,* that in assessing the plaintiff's damages the jury might consider the fright to which she was subjected by reason of the wrongful act of the conductor.

2. In an action by a married woman to recover for personal injuries, evidence that by reason thereof she was unable to perform her work as she had previously done is admissible to show the extent of her injuries, the jury being instructed that she could not recover for loss of time.

3. Where there is evidence tending to show that the plaintiff had not, at the time of the trial, fully recovered from her injuries, it is not error to instruct the jury that " she is entitled to recover for any further physical suffering which you may find from the evidence is reasonably certain to result from the injury complained of."

4. The trial court having refused to set aside a verdict for the reason that the damages were excessive, this court will not interfere on that ground unless it is apparent from the evidence that the jury were actuated by passion or prejudice.

5. An error in permitting a witness to be questioned on cross examination as to matters not inquired of on the direct examination, and to be contradicted afterwards as to such matters by the party so

questioning him, will not work a reversal where the matters so inquired about were merely collateral and it is not apparent that the error could have had any influence with the jury upon the issues of fact found by them.

APPEAL from the County Court of *Dodge* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This is an action for personal injury to the plaintiff, alleged to have been caused by the negligence of the railway company. The material facts in the case are as follows: On the evening of the 4th of March, 1886, the respondent and a Mrs. Kreuziger took passage, in the caboose of a freight train, from Juneau to Minnesota Junction. The junction is north of Juneau. When the train drew near to the junction, it stopped so that the caboose in which the plaintiff and her companion were riding stopped several hundred feet south of the depot platform. The night was dark, and the evidence tended to show, and the jury found, that the conductor of the train told the plaintiff and her companion that they must leave the car at that place; and, by leaving the car at that place, it was necessary for them to alight on the right-hand side of the car, and walk up along a side track of the said road several hundred feet to reach the highway which they would take in going to their homes. This fact was well known to the conductor; and it was also well known to him that where the side track crossed said highway there was an open culvert across the track. Of this the plaintiff had no knowledge. The side track was raised above the surface of the ground, and was the only way for reaching the highway from the place where they left the car. The plaintiff had some bundles in her hands, and when she got off the train proceeded up the side track, and fell into the culvert and injured her knee. While in the cattle-guard, and struggling to extri-

cate herself, the men in charge of the train switched some cars on the side track. She noticed the fact that cars were being placed on the side track, and became greatly excited and frightened by their approach. The cars, however, did not come nearer than 100 feet of the cattle-guard, and the plaintiff extricated herself and proceeded on her way home. For the injury resulting to her by being wrongfully directed to leave the car, and falling into the culvert, the plaintiff claims damages, alleging that the defendant company was negligent in directing her to leave the cars at the place mentioned.

Upon the trial in the county court, the jury found the material issues in favor of the plaintiff, and assessed her damages at $1,000. From the judgment entered on the verdict the defendant appeals.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *C. H. Van Alstine.* They contended, *inter alia*, that mental suffering disconnected with the injury to the person is not an element of damage, and in the absence of malice, insult, and inhumanity, the mental suffering which may be considered is that only which is connected with, that is, arises from or grows out of, some hurt, wound, bruise, or other like bodily injury. *Indianapolis & St. L. R. Co. v. Stables*, 62 Ill. 313, 320; *Johnson v. Wells*, 6 Nev. 224; *Quigley v. C. P. R. Co.* 11 id. 350; *Canning v. Williamstown*, 1 Cush. 452; *Salina v. Trosper*, 27 Kan. 544, 564; *Wyman v. Leavitt*, 71 Me. 227; *Bovee v. Danville*, 53 Vt. 183, 190; *Keyes v. M. & St. L. R. Co.* 36 Minn. 290, 293; *Blakeney v. W. U. Tel. Co.* 22 Cent. L. J. 147; *Victorian Railway Comm'rs v. Coultas*, L. R. 13 App. Cas. 222; *Goodno v. Oshkosh*, 28 Wis. 304; *Stewart v. Ripon*, 38 id. 587; *Sheel v. Appleton*, 49 id. 129. The instruction that plaintiff was entitled to recover for any future pain she might suffer was erroneous

because, at the most, the evidence tended to show that she might *possibly* suffer pain in her knee in the future. *White v. M. C. R. Co.* 61 Wis. 536, 541; *Strohm. v. N. Y., L. E. & W. R. Co.* 96 N. Y. 305; *Ohio & M. R. Co. v. Cosby,* 22 Reporter, 497.

*E. P. Smith* and *J. E. Malone,* for the respondent, to the point that the plaintiff's mental suffering might be taken into consideration in assessing her damages, cited, besides cases cited in the opinion, *McKinley v. C. & N. W. R. Co.* 44 Iowa, 320; *Quigley v. C. P. R. Co.* 11· Nev. 369; Shearm. & Redf. on Neg. sec. 606*b; Masters v. Warren,* 27 Conn. 293; Sedgw. on Dam. (3d ed.), 632, note; *Ransom v. N. Y. & E. R. Co.* 15 N. Y. 418; *Blake v. Midland R. Co.* 18 Q. B. 93; *McGlinchy v. F. & C. Co.* 14 Atl. Rep. (Me.), 14; *Craker v. C. & N. W. R. Co.* 36 Wis. 657; *Smith v. P., Ft. W. & C. R. Co.* 23 Ohio St. 19.

TAYLOR, J.   Upon the facts of the case as found by the jury there is no contention on the part of the learned counsel for the appellant that the plaintiff was not entitled to a verdict for some amount of damages.   The errors relied upon for a reversal of the judgment are exceptions taken to the admission of evidence, to the instructions of the court to the jury, and a refusal to give an instruction requested by the appellant.

It is insisted that it was error to permit the plaintiff to give the following evidence: "How long were you in there?" (meaning the culvert.)   "Oh, I could not tell,— I was so full of fright; at last, I helped myself out."   "What were you frightened about?"   Objected to; overruled; exception.   *Answer.*   "I was afraid the cars were switching back on me."   "How did you go home?"   *A.* "Full of fright."   It is claimed by the learned counsel for the appellant that the plaintiff is not entitled to recover damages

on account of the fright which she experienced by reason of the backing of the cars towards her upon the side track, and that the refusal of the court to so charge was error.

Upon the subject of damages, the trial judge instructed the jury as follows: "She is entitled to such amount of damages as, in your judgment, will compensate her for all the physical injuries directly resulting from the negligence complained of, *as well as the mental suffering resulting therefrom.* This does not include punitory damages, but does include such pain and suffering of body and mind as you find from the evidence she has suffered from the negligence of the defendant and without her fault, and which is directly the result of such negligence. . . . If you find the plaintiff is entitled to recover, say, from all the evidence, how much will compensate her for all the injuries sustained, the pain and suffering caused by the negligence complained of, if you so find; if you find it was the direct result thereof," etc. "The plaintiff, if she is entitled to recover, is entitled to full compensatory damages for *all the direct physical injury, as well as the mental suffering you may find from the evidence resulted from the injury caused by the negligence complained of.*" "By compensatory damages we mean such damages as, in your judgment, will be a reasonable compensation to the plaintiff for all the pains and suffering, in the past, resulting *from the accident,* and, also, any future suffering therefrom, which from the evidence you may find is reasonably certain to result from said injury." These instructions were separately excepted to by the appellant. The appellant also requested the judge to instruct the jury as follows: "The plaintiff is not entitled to recover any damages on account of any fright which she experienced on account of the cars backing down towards her upon the side track." This instruction was refused, and the appellant excepted.

It is argued by the learned counsel for the appellant that

the authorities are quite uniform in holding that no action can be maintained for mere negligence on the part of the defendant, unaccompanied by insult, oppression, or indignity, which causes fright or other mental emotion only, and which does not result in injury to the person or the health of the plaintiff. And he therefore insists that it was error to allow the plaintiff to testify that she was frightened by the approach of the backing cars when she was in the culvert and struggling to extricate herself therefrom; and he also insists that the perils and dangers of the situation in which she was placed by the negligent act of the defendant cannot be considered in awarding her damages. We agree with the general proposition of the learned counsel that for a mere negligent act only compensatory damages can be recovered, and that such compensatory damages ordinarily include only damages for such mental suffering as arises from the personal injury received; and we may admit, for the purposes of this case, that when the only ground of action against the defendant is fright caused by the negligence of the defendant, which is not followed by any injury to the person or the health of the plaintiff and in no other way affects her rights of person or property, no action can be maintained. We are of the opinion, however, that in this case and others of like character,— where the cause of action is not grounded upon mere fright or terror, but upon the wrongful act of the defendant in putting her off the car in a place of danger, in the nighttime,— in measuring the plaintiff's injury it is not only competent, but it becomes essential, to determine the extent of plaintiff's injury, that all the surroundings of the wrongful act of the defendant should be taken into consideration in order to render a just verdict. Certainly, it cannot be urged, with any show of authority or reason, that the same damages should be awarded to a plaintiff who is wrongfully put off a car in a terrible storm, several miles

from any place of shelter, as should be awarded to one who is wrongfully put off at a station in a town or city, where he can readily get shelter and protection; nor that the same damages should be awarded to the person who is wrongfully put off the cars in the middle of a high bridge, in the night-time, where trains are constantly passing, and the person who is so put off at a pleasant station at midday. In all cases of this kind, the actual surroundings which accompany the wrongful acts are, and should always be, considered in estimating damages. This case does not present the question of the right to recover for mere mental suffering, independent of bodily or physical injury. Under the rule contended for by the learned counsel for the appellant, it would be equally improper to show that it was a dark night when she was directed to leave the car, and that she was compelled to walk along a raised side track, on which cars were being switched, and which she was compelled to traverse in order to reach the highway leading to her home, as to show that she was frightened when struggling to escape from the culvert into which she had fallen, for fear of being run over by the approaching cars. Without stating that fact, the jury would have the right, in estimating her damages, to consider all the attendant dangers which surrounded and threatened her.

It is not pretended but that the agent of the company had full knowledge of all the dangers which surrounded the plaintiff, when he directed her to leave the cars. The company cannot, therefore, say that these dangers were too remote, and that the terrorizing effect which they might have was one which could not have been anticipated by it. As before said, the conductor, who directed the plaintiff to leave the car when and where she did, knew that cars would be backed upon the side track which he compelled her to travel upon; he knew the night was dark, and might reasonably be held to have known that the back-

ing of cars upon that track while plaintiff was on it would be a cause of alarm to her, whether she had fallen into the cattle-guard or not.   The backing of the cars on the track was intimately connected with the wrongful act of the conductor; in a certain sense, it was a part of the *res gestæ*,— as much so as the darkness, the raised side track, and the open culvert into which she fell.   That the evidence was admissible, and proper to be considered by the jury, is, we think, supported by principle and authority. *Chicago & A. R. Co. v. Flagg*, 43 Ill. 364, 367.   In this case the plaintiff was expelled from the car in the night-time, but on the trial gave evidence of no actual personal injury.   On affirming the judgment, the court say: "It is also urged that, as the conductor acted in good faith and without violence or insult, and there is no proof of actual damage to the plaintiff, the verdict should have been for only nominal damages.   The verdict was for $100.   It was dark when this affair occurred; and the plaintiff was lame, and had two bundles that seemed to be heavy.   In order to reach the station or village he had to pass over a covered railway bridge, which spanned a stream, and which had to be crossed by means of a plank or foot-path about three feet wide, laid down upon the timbers.   The only light came from below and from the ends of the bridge.   For a stranger, laden with bundles, to be compelled to walk through a dark railway bridge on a narrow path, uncertain as to when a train may come, and liable to be crushed if one does come, is certainly not a desirable experience.   The jury had a right to take these things into consideration," etc.

In *Seger v. Barkhamsted*, 22 Conn. 290, which was an action against the town to recover damages for maintaining a defective bridge, the trial judge instructed the jury that, if they found for the plaintiff, they had a right to consider all the circumstances of danger and peril attending the accident.   To this instruction exception was taken; and

on appeal the supreme court held the instruction right, and made the following remarks in regard to it: "That the plaintiff is entitled to be compensated for his personal injury there is, of course, no question; and that principle is sufficient to vindicate the charge on this point.   Such actual injury is not confined to wounds and bruises upon his body, but extends to his mental suffering.   His mind is no less a part of his person than his body; and the sufferings of the former are oftentimes more acute, and also more lasting, than those of the latter. . . .   The dismay and consequent shock to the feelings which is produced by the danger attending a personal injury, not only aggravate it but are frequently so appalling as to suspend the reason and disable a person from warding it off; and to say that it does not enter into the character and extent of the actual injury and form a part of it, would be 'an affront to common sense.'"   See, also, *Woolery v. L., N. A. & C. R. Co.* 107 Ind. 381; *Meagher v. Driscoll*, 99 Mass. 281; *Canning v. Williamstown*, 1 Cush. 451.

It must be remembered that in this case and in all others of a similar character the ground upon which the defendant is held liable for any damages is the wrongful act of the agent of the company in directing the plaintiff to leave the cars at the time and place designated, and not the fact that after leaving the cars the plaintiff fell into the cattle-guard and was injured.   That fact was only an aggravation of her damages she would have been entitled to recover had she received no personal injury; and in fixing the amount of the damages the plaintiff ought to recover it seems but reasonable and just that all the circumstances of peril and danger which surrounded her at the time she was unlawfully directed to leave the cars must be considered, and that it was not error to direct the jury that in assessing the damages they might consider the fright which the plaintiff was subjected to by the unlawful act of the conductor. This

case does not fall within the rule, if there be such a rule, that no recovery can be had for merely putting a person in peril, when no personal injury results therefrom. The cases in which that rule has been laid down were all cases in which it was held that the defendant had not done any act which constituted a cause of action; and it does not apply to a case when the defendant has done that which constitutes a cause of action in favor of the plaintiff, and when the peril and fright are circumstances surrounding and attending the wrongful act of the defendant. We think the evidence objected to was properly admitted, and that there was no error in the instructions of the trial judge upon that question. The exceptions taken to the instructions given to the jury upon the question of damages were not insisted upon, on the argument, or assigned as error.

The fourth and fifth errors alleged relate to the cross-examination of the witness Askew, who was called for the defendant. While we think the court should not have permitted the witness to be questioned on his cross-examination as to any matter not inquired of by the defendant on the direct, or, if permitted to do so, the court should not have allowed the plaintiff to contradict his answers, we are of the opinion that this examination, upon a collateral matter, was not so material to the real questions at issue as to justify this court in reversing the judgment for such error on the part of the trial judge. It is not apparent that such error could have had any influence with the jury upon the issues of fact found by them on the trial.

The sixth alleged error is clearly not an error. It was clearly competent for the plaintiff to show by her evidence that the injury to her person was of such a character as to render her unable to perform her work after the injury as she had been able to do before. Although such evidence would be proper and competent in an action by the husband to recover for loss of service, it was also competent

in this case as tending to show the extent of her injuries. The jury were instructed that she could not recover in this action "for loss of time."

It is also alleged that it was error to instruct the jury as follows: "She is entitled to recover for any further physical suffering which you may find from the evidence is reasonably certain to result from the injury complained of." It is said there was no evidence upon which to found an instruction of this kind. We think the record shows that there was evidence tending to show that the plaintiff had not, at the time of the trial, fully recovered from her injuries. There was sufficient evidence upon which to base the instruction.

The eighth error alleged as to the instruction given by the court becomes immaterial, as the jury found, in effect, that the conductor directed her to leave the cars at the place where she did leave them.

It is urged that the verdict is excessive and should have been set aside for that reason. The trial court having refused to interfere on that ground, this court will not set aside the verdict for that reason, unless it is clearly apparent from the evidence that the jury was actuated by passion or prejudice. We do not think the evidence discloses any such reason for reversing the judgment in the case.

*By the Court.*— The judgment of the county court is affirmed.