## Daniel D. Romberger, Appellant, *v.* Walter J. Henry.

*Execution—Imprisonment for debt—Capias ad satisfaciendum—Negligence—Judgment.*

A capias ad satisfaciendum may issue upon a judgment recovered by an employee against his employer for personal injuries caused by the negligence of the employer in not furnishing the employee with suitable appliances for the work.

The duty of an employer to furnish his employee with suitable appliances arises by implication of law out of the relations of the parties; it is imposed by law, not created by contract, and therefore is not within the exemption of the act of July 12, 1842, P. L. 339, relating to imprisonment for debt.

Argued Feb. 19, 1895. Appeal, No. 174, Jan. T., 1895, by plaintiff, from order of C. P. Schuylkill Co., Sept. T., 1893, No. 71, making absolute a rule to set aside execution. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Reversed.

Rule to set aside execution.

From the record it appeared that on March 31, 1894, plaintiff recovered from defendant a verdict and judgment for one hundred dollars for personal injuries caused by the defendant failing to provide a safe scaffold on a building upon which plaintiff was employed by defendant to work. On August 3, 1894, plaintiff issued a capias ad satisfaciendum, and defendant was arrested. A rule to set aside the execution was taken, and on September 17, 1894, the court made the rule absolute without filing an opinion.

*Error assigned* was above order.

*J. W. Moyer*, for appellant, cited: Act of June 16, 1836, P. L. 764; act of July 12, 1842, sec. 1, P. L. 339; Howard v.

McKee, 82 Pa. 413 ; R. R. v. Kerr, 62 Pa. 353 ; Hoag v. R. R., 85 Pa. 293; R. R. v. Trich, 117 Pa. 390; R. R. v. Hope, 80 Pa. 373.

*Nicholas Heblich*, for appellee: Act of June 12, 1842, P. L. 339 ; Howard v. McKee, 82 Pa. 413.

OPINION BY MR. JUSTICE FELL, April 8, 1895 :

The verdict in this case was rendered in an action in trespass for damages for negligence upon the part of an employer in not furnishing his employee with reasonably safe appliances for work. The plaintiff was a carpenter in the employ of the defendant, who was a contractor and builder. He was directed to work at the top of a building on a scaffold which had been erected by the defendant. Before going upon the scaffold the plaintiff was told by the defendant that it was properly constructed and safe. It broke because of its defective construction.

A capias ad satisfaciendum issued upon the judgment was upon rule set aside. No reason was given by the court for its action, and the only reason assigned upon the argument in support of the ruling is that the judgment was founded upon an implied contract upon the part of the plaintiff to furnish the defendant with safe means of employment, and that the plaintiff was therefore within the exemption of the Act of July 12, 1842. The first section of the act provides : " No person shall be arrested or imprisoned on any civil process issuing out of any court in this commonwealth, in any suit or proceeding instituted for the recovery of any money due upon any judgment or decree founded upon contract, or due upon any contract, express or implied, or for the recovery of any damages for the non-performance of any contract," etc.

The construction claimed by the appellee cannot be sustained. The recovery of damages was not for the non-performance of a contract within the meaning of the act. The action was in trespass to recover damages for negligence. The negligence alleged and proved was the failure to perform a duty. That duty was to furnish an employee with suitable appliances for work ; it arose by implication of law out of the relation of the parties. It was imposed by law, not created by contract. That

the relation had its origin in contract is manifestly not to the point.

The order of the court of common pleas making absolute the rule to set aside the capias ad satisfaciendum is reversed and set aside, and the record is remitted with a procedendo.