## Frank P. Dungan *v.* Edward C. Read, Jr., Appellant.

*Execution—Capias ad satisfaciendum—Negligence—Injury to horse and wagon.*

Where in an action of trespass to recover damages for injuries negligently caused by defendant to a horse and carriage which he had hired from plaintiff, the statement averred the contract and the negligent conduct of defendant; to which defendant pleaded not guilty, and a judgment was rendered against defendant; the action was ex delicto, and a capias ad satisfaciendum will lie to enforce the collection of the judgment.

In such a case, the recital of the contract in the statement of claim is mere surplusage, and will not bring the defendant within the protection of the act of July 12, 1842, P. L. 339, abolishing imprisonment for debt.

Argued March 26, 1895. Appeal, No. 77, Jan. T., 1895, from order of C. P. No. 1, Phila. Co., Sept. T., 1892, No. 616, refusing to set aside a writ of capias ad satisfaciendum and remanding defendant to county prison. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Trespass to recover damages for injuries to a horse and carriage.

Plaintiff's statement was as follows:

"Plaintiff Frank P. Dungan brings this, his action, against the defendant, Edward C. Reed, Jr., and claims damages for injuries sustained by him in manner following:

"Heretofore to wit, on September 16, 1892, the defendant hired and let from the plaintiff, who is a livery stable keeper, a certain horse and carriage belonging to the latter; wherefore it became and was the duty of the defendant to use due care in the use of said horse and carriage, and to return the same to the plaintiff in the same good condition as said property was when let, reasonable wear excepted. The defendant, however, not regarding his said duty, did not use due care, but on the contrary used and drove said horse and carriage so carelessly, negligently and improperly as to break and injure the carriage and to injure and permanently impair the horse, whereby the plaintiff was put to great expense in curing said horse of its injuries thereby sustained and in repairing the carriage broken as aforesaid. The plaintiff was thereby damaged and suffered

loss in the sum of two hundred dollars, and therefore he brings suit."

The jury returned a verdict in favor of plaintiff for $308.13, upon which judgment was entered. A capias ad satisfaciendum was issued and defendant arrested. The court refused to set aside the writ, and remanded defendant to the custody of the sheriff to be committed to the county prison.

*Errors assigned* were, (1) allowing the writ to issue; (2) remanding the defendant.

*Wm. W. Wiltbank, Maxwell Stevenson* with him, for appellant, cited: Act of July 12, 1842, P. L. 339 (Purdon, page 64, placitum 52); Pollock on Torts, p. 4; Bowen v. Burdick, 3 Clark, 226; Penrose v. Curren, 3 Rawle, 351; Wilt v. Welsh, 6 Watts, 9; Curtin v. Patton, 11 S. & R. 310; Tyron v. Hassinger, 1 Clark, 184; Cornog v. Delaney, 11 W. N. C. 575; Coal Co. v. Huntzinger, 6 W. N. C. 300; Hopkinson v. Cooper, 8 Phila. Rep. 8: Howard v. McKee, 82 Pa. 409.

*James M. Beck, F. Pierce Buckley* and *William F. Harrity* with him, for appellee, cited: Act of March 22, 1887, P. L. 8; Pollock on Torts, 354.

PER CURIAM, April 8, 1895:

There is nothing in this case that requires discussion. The action is clearly ex delicto. It is true, the statement commences by reciting a contract, but that is merely matter of inducement, to show how the defendant acquired possession of the property on which he afterwards committed the trespass complained of. The recital was wholly unnecessary and may be so treated. The body of the statement contains a distinct averment of the trespass complained of; and by pleading not guilty thereto the defendant so recognized it. On that issue the case was tried and judgment entered. It was only when the defendant was confronted with a capias ad satisfaciendum that he alleged the judgment is founded on contract, or represents damages for non-performance of his contract with plaintiff, and hence, under the act of 1842, abolishing imprisonment for debt, etc., he was exempt from arrest and imprisonment. In that he was

mistaken.   The injury done by him to plaintiff's property had no necessary connection with their contractual relation.   It was the result of a trespass, pure and simple, outside of the contract.   There is nothing in the record that would justify us in sustaining either of the specifications of error.

Judgment affirmed.