EDITH COWAN, Appellee, v. THE WESTERN ·UNION TELE-
GRAPH COMPANY, Appellant.

Damages: MENTAL PAIN: Mental pain and suffering resulting
1   from the negligent transmission of a telegram constitute an
injury for which damages may be recovered.

Negligent Transmission of Telegram: DAMAGES. While the un-
2   dertaking to transmit a telegram creates a contract obligation
the negligent performance of the same constitutes a tort, and
the injured party is not limited in his damages as for a breach
of contract.

Pleadings. An action for the negligent transmission of a telegram
3   is not made to sound in contract simply by pleading by way
of inducement the making of the contract therefor.

Damages in Tort Actions: Damages recoverable in a tort action
4   are not limited to those contemplated by the wrongdoer, but
include all which naturally and proximately flow from the
injury.

Damages: MENTAL PAIN. The fact that it is difficult to provide
5   a definite measure of compensation for mental pain will not
preclude recovery therefor.

Burden of Proof. NEGLIGENCE. The burden is on a telegraph
6   company to show that an error or delay in a message was not
due to its neglect, and it is not necessary for one seeking to
recover damages for an error in the transmission of a message
to allege freedom from contributory negligence.

*Appeal from Louisa District Court.*—HON. W. S. WITHROW,
Judge.

SATURDAY, JANUARY 23, 1904.

ACTION for damages on account of negligence in the
transmission of a telegraphic message. Verdict and judg-
ment for plaintiff, and defendant appeals.—*Affirmed.*

*George H. Fearons, Carr, Hewitt, Parker & Wright,* and
*Carskadden & Burk* for appellant.

*Courts & Tomlinson* and *W. E. Blake* for appellee.

WEAVER, J.—The evidence tends to establish the following state of facts: James Henry Cowan died in Louisa county, Iowa, on or about January 12, 1901. Immediately upon his death, his widow, the plaintiff herein, prepared to take his body to the home of his parents and other family relatives, near Seaton, Ill., for burial. To apprise these friends of the decease of her husband, and to insure their meeting her at the station upon her arrival with the body and accompanying her to the family home, some miles in the country, she sent a message by the defendant to one Robert Swearinger, who was an acquaintance of the family, and the manager of a telephone exchange at Seaton, as follows: "Harry dead. Arrive with corpse at 6 a. m. Tell Thomas. [Signed] Edith Cowan." The message was received by Swearinger in the evening, in time to have notified the parties; and he would have given the notice, and plaintiff would have been met at the station and cared for as expected by her but for the mistake or. negligence of the telegraph company. As delivered by the telegraph company, the message was signed, "Edith Erwin," and Swearinger, not knowing and being unable to learn of any person of that name, and not knowing for whom the message was in fact intended, did nothing with it. The relatives of the deceased, having received no notice of his death or of the coming of the widow, did not meet her at the station. Arriving there, and finding none of the friends in waiting, and no preparation made for the conveyance of herself and of the body of her husband to their destination in the country, plaintiff was much distressed in mind, and, to some extent, broken down in bodily strength. She was thereupon taken to a hotel by a brother, who accompanied her, and placed upon a couch, where she remained three or four hours, until her friends had been notified, and arrived with conveyance for her accommodation. These allegations are not in serious dispute, and upon them plaintiff seeks to recover damages. The jury returned a verdict in her favor of $275, and from the judgment entered thereon defendant appeals.

It will be observed that the basis of plaintiff's claim for damages is mental anguish and suffering resulting to her from the failure of defendant to properly transmit the message to Swearinger. That such damages are recoverable in a proper case was held by this court in *Mentzer v. Telegraph Co.,* 93 Iowa, 752, and, unless we abandon that precedent, plaintiff's right of action must be conceded. Anticipating this suggestion, counsel for appellant submit an able and elaborate argument in support of their contention that the *Mentzer Case* should be overruled. The decision of that case was reached only after much deliberation and a careful review of the authorities. Most of the cases now so exhaustively marshaled were then called to our attention, and their bearing and value duly considered. We are still satisfied with the result there announced, and recognize its authority as a precedent in the case before us. The opinion accompanying that decision sets forth very fully the principles upon which it is founded, and there is no occasion for their restatement at this time.

I. DAMAGES: mental pain.

We are reminded by counsel that *Reese v. Telegraph Co.,* 123 Ind. 294 (24 N. E. Rep. 163, 7 L. R. A. 583) cited by us in support of our decision in the *Mentzer Case,* has since been overruled by the Indiana court. This appears to be the case, but we must be permitted to say that, being satisfied with the strength of the reasoning and soundness of the principles announced in the first case, we are not disposed to concur in their recantation. Uniformity in judicial holdings throughout the various jurisdictions of the nation is much to be desired, and, where it prevails, no court should lightly disregard it, or introduce confusion into the precedents. But where, as upon the questions raised by this appeal, there is an irreconcilable conflict in the decisions, and respectable courts are arrayed upon either side of the controversy, we feel at liberty to adopt the theory which seems to us most logical, reasonable, and just, without special reference to the numerical preponderance of the authorities. As suggested in the *Mentzer Case.* "One of the crowning glories of the

common law has been its elasticity and adaptability to new conditions and new states of fact. * * * Should it ever fail to be adjustable to the new conditions which age and experience bring, then its usefulness is over, and a new social compact must be entered into." It is nevertheless true that every demonstration of this elastic quality of the common law, and every readjustment made necessary by changing conditions, has been accomplished over the insistent protest and opposition of those who have professed to find in it a subtle and dangerous attack upon fundamental principles. The recognition of the right of a party under certain circumstances to recover substantial damages for physical and mental suffering has been no exception to this rule, and even yet it is the subject of much controversy. Recovery of such damages was at first sought to be confined to cases of mental suffering arising from physical injury wrongfully or negligently inflicted. So strictly and literally has this rule been applied, that in some jurisdictions it has been held that a wrongful act producing nervous shock or fright, which results in physical prostration, insanity, and death, affords no cause of action against the wrongdoer. *Mitchell v. R. R.,* 151 N. Y. 107 (45 N. E. Rep. 354, 34 L. R. A. 781, 56 Am. St. Rep. 604) *Haile v. R. Co.,* 60 Fed. Rep. 557 (9 C. C. A. 134, 23 L. R. A. 774) ; *Ewing v. R. R.,* 147 Pa. 40 (23 Atl. Rep. 340, 14 L. R. A. 666, 30 Am. St. Rep. 709). The doctrine thus approved is so manifestly unjust, and so out of harmony with the general spirit of the law, that many courts have wholly repudiated it, while still others have limited and modified it by important exceptions. In direct opposition to the cases above cited as to damages arising from fright or nervous shock in the absence of immediate physical injury, we may note *Gulf C. & S. F. R. Co., v. Hayter* 93 Tex. 239 (54 S. W. Rep. 944, 47, L. R. A. 325, 77 Am. St. Rep. 856) ; *Purcell v. R. R.,* 48 Minn. 134 (50 N. W. Rep. 1034, 16 L. R. A. 203) ; *Hill v. Kimball* 76 Tex. 210 (13 S. W. Rep. 59, 7 L. R. A. 618) ; *Oliver v. La Valle,* 36 Wis. 596 ; *Stulz v. R. R.,* 73 Wis. 147 (40 N. W. Rep. 653, 9 Am.

St. Rep. 769); *Watkins v. Kaolin Co.,* 131 N. C. 536 (42 S.
E. Rep. 983, 60 L. R. A. 617); *Watson v. Dilts,* 116 Iowa,
249.

Recovery has also been permitted for the mental suffering
of a husband on account of the illness of his wife, occasioned
by the negligent act of a railroad company in causing them
to alight from the train at an unreasonable distance from the
proper station, *Brown v. R. R.,* 54 Wis. 342, (11 N. W. Rep.
356, 911, 41 Am. Rep. 41); also for mental suffering occa-
sioned by the malicious prosecution of a civil action, *Cohn
v. Saidel,* 71 N. H. 558 (53 Atl. Rep. 800); for mental and
bodily suffering sustained by a sick person while awaiting
the arrival of a physician, whose coming had been delayed
by failure of a telegraph company to deliver a message sent
him, *Telegraph Co. v. Church,* (Neb.) 90 N. W. Rep. 878,
(57 L. R. A. 905); for nervous shock and mental distress of
a woman who was wrongfully required to leave the train
upon which she was a passenger, though no physical force
or violence was used in excluding her, *Sloane v. R. R.,* 111
Cal. 668, (44 Pac. Rep. 320, 32 L. R. A. 193); for humilia-
tion by wrongful arrest in the presence of family and friends,
*Flam v. Lee,* 116 Iowa, 289; *Shatto v. Crocker,* 87 Cal. 629,
(25 Pac. Rep. 921); and for injury to feelings of one whose
property has been wrongfully attached, *City Bank v. Jeffries,*
73 Ala. 183. Under a California statute, permitting the
father to maintain an action for the death of a minor child,
and providing that such damages may be given as, under
all the circumstances, may be just, it is held that the parent's
mental anguish may be considered by the jury in finding its
verdict. Practically parallel in point of fact with this case
is *Telegraph Co. v. Giffen,* 27 Tex. Civ. App. 306 (65 S. W.
Rep. 661), and a recovery of substantial damages is there
sustained. For further reaffirmation of the same principle,
see *Bennett v. Telegraph Co.,* 128 N. C. 103 (38 S. E. Rep.
249); *Telegraph Co. v. Van Cleave,* 22 Ky. Law Rep. 53
(54 S. W. Rep. 827); *Telegraph Co. v. Fisher,* 21 Ky. Law
1293 (54 S. W. Rep. 830); *Telegraph Co. v. Crocker,* 135

Ala. 497 (33 South Rep. 45, 59 L. R. A. 398). Some of the foregoing cases go much farther than is necessary for us to go in disposing of this appeal, and we cite them not as adopting all their conclusions, but as indicating that the rule asserted by the appellant is not to be considered as of universal application.

In the case now sought to be 'overruled, we called attention to the proposition (often overlooked in discussing this much-vexed question) that in an action sounding in torte the

2. NEGLIGENT rule allowing recovery for mental suffering is
transmission much more liberal than in actions on contract.
of telegram:
damages. Many of the decisions which deny the soundness of the rule adopted in the *Mentzer Case* expressly plant their finding upon the principle that mental suffering cannot be presumed to have been within the contemplation of the parties to the contract as a necessary or natural result of its breach. For instance, the Supreme Court of Minnesota, in an action for damages on account of nondelivery of a telegram, says: "This action is not one of tort, but on contract. * * * We are therefore left to determine the question here presented according to the rules of common law applicable to damages for breach of contract." *Francis v. Telegraph Co.*, 58 Minn. 252 (59 N. W. Rep. 1078, 25 L. R. A. 406, 49 Am. St. Rep. 507). If this premise be admitted, it must also be conceded that the conclusion announced by that eminent court is supported by many precedents. We cannot agree, however, that, in a case of this kind, plaintiff is limited to his damages as for a breach of contract. True, appellant's undertaking to transmit the message was a contract obligation; but negligence in the performance of that obligation, by which injury results to the sender, is a tort, damages for which are not restricted by rules applicable to ordinary actions for breach of contract. The appellant company is engaged in a public employment, and is, within certain limits, to be considered and treated as a common carrier. *Gillis v. Telegraph Co.*, 61 Vt. 461 (17 Atl. Rep. 736, 4 L. R. A. 611, 15 Am. St. Rep. 917); *Parks v. Telegraph Co.*, 13 Cal.

422 (73 Am. Dec. 589).  As such, it is charged with a common-law duty, and "an action may be brought in tort, although the breach of duty is the doing or not doing of something contrary to an agreement made in the course of such employment." *Southern Express Co. v. McVeigh,* 20 Gratt 264.  "A breach of duty of a common carrier is a breach of the law, for which an action lies, and which wants not a contract to support it." *Bretherton v. Wood,* 3 B. & B. 54; *Burkle v. Ells,* 4 How. Prac. 288; *McPeek v. Tel. Co.,* 107 Iowa, 362.  This principle is discussed with great clearness and thoroughness in *Brown v. R. R., supra,* where it is said in reference to the facts pleaded as constituting actionable negligence: "All these matters are a breach of contract to carry the passenger safely, yet the carrier is held liable in an action for tort.  *  *  * All the cases hold that the person injured through the negligence or carelessness of the carrier may proceed either upon contract, alleging the negligent acts of the defendant as a breach of the contract, or he may proceed in tort, making the negligence of the company the ground of his right of recovery."

The allegations by the plaintiff of contractual relations with the defendant does not necessarily make the action one upon contract, for these matters are often properly pleaded by way of inducement preliminary to an allegation of facts constituting a tort.  Nor is this rule peculiar to actions against carriers.  *Britt v. Pitts,* 111 Ala. 401 (20 South. Rep. 484); *Fordyce v. Nix,* 58 Ark. 136 (23 S. W. Rep. 967); *Leeds v. Richmond,* 102 Ind. 372 (1 N. E. Rep. 711); *Carter v. Glass,* 44 Mich. 154 (6 N. W. Rep. 200, 38 Am. Rep. 240); *Stanley v. Bircher,* 78 Mo. 245; *Ashmore v. P. S. Towing Co.,* 28 N. J. Law, 180; *Dungan v. Read,* 167 Pa. 393 (31 Atl. Rep. 639); *Harvey v. Skipwith,* 16 Grat. 393; *Nelson v. Harrington,* 72 Wis. 591 (40 N. W. Rep. 228, 1 L. R. A. 719, 7 Am. St. Rep. 900).

3. PLEADING.

If then, we may treat this action as one *ex delicto,* rather than *ex contractu,* it becomes important to note the enlarged

scope of the claim for recoverable damages. In an action upon contract it is usually laid down that no damages can be recovered save those which may reasonably be supposed to have been contemplated by the parties as the probable result of a breach of the agreement, and this is the principle almost invariably appealed to or relied upon by the courts which deny the liability of telegraph companies for damages on account of mental suffering. Recovery in tort is not thus limited. The rule applicable to such cases is that "a party who commits a trespass or other wrongful act is liable for all the direct injury resulting from such act, although such resulting injury could not have been contemplated as a probable result of the act done." *Brown v. R. R., supra; Keenan v. Cananaugh,* 44 Vt. 268; *Metallic Co. v. R. R.,* 109 Mass. 277 (12 Am. Rep. 689); *Hill v. Winsor,* 118 Mass. 251; 1 Sedgwick Damages, 130, note; *Bowas v. Pioneer* T. L., 2 Sawy. 21, Fed. Cas. No. 1,713. Under this rule it has often been held that damages for mental suffering may be recovered, and such allowance has not been strictly confined to wrongs involving bodily injury. The Minnesota court, which, as we note in the *Francis Case, supra,* denies the right of such recovery against a telegraph company on the theory that the action is *ex-contractu,* has not hesitated to allow damages of this nature in certain actions in tort. *Larson v. Chase,* 47 Minn. 307 (50 N. W. Rep. 238, 14 L. A. R. 85, 28 Am. St. Rep. 370). In the cited case, plaintiff alleged the wrongful dissection by the defendant of the dead body of her husband, and asked for damages on account of mental suffering alone. The court after noting the confusion which has arisen in the cases "as to when, if ever, mental suffering, as a distinct element of damages, is a subject for compensation," says: "But where the wrongful act constitutes an infringement on a legal right, mental suffering may be recovered for, if it is the direct, proximate, and natural result of a wrongful act. * * * That mental suffering would ordinarily be the natural and proximate result of knowledge that

*Margin note:* 4. DAMAGES in tort actions.

the remains of the deceased husband had been mutilated is to plain to admit of argument." The decisions which recognize the right to recover damages for mental pain and anxiety caused by negligence of a telegraph company in transmitting messages involving matters of life and death need no better justification than is found in the principles here so clearly stated.

The thought urged upon our attention, that claims of this nature should be disallowed because of the impossibility of providing any exact standard or measure of compensa-

5. DAMAGES: tion of injured feelings, and that recognition mental pain. of such right of recovery will be followed by an enormous increase of litigation, does not impress us as a persuasive consideration. It is no more difficult to fix a compensation for mental anguish in cases like the one at bar than in cases of mental suffering arising from physical injury, and very few persons, we think, will be found ready to say the latter, when wrongfully occasioned, should not afford a ground of recovery. As to the prospect of vastly increased litigation, the fears expressed by the appellant find little foundation in the judicial history of the state. The Mentzer Case was decided ten years ago, and the present is the first occasion we have had in that decade to again consider the precise question there presented. This showing is a pretty fair indication that the doctrine there affirmed has not proved, and is not likely to prove, the opening of a Pandora's box of evil for the vexation or destruction of legitimate business.

II. It is finally insisted that plaintiff's petition does not state a cause of action, because, while it alleges the negligence of defendant, it does not allege the absence of contributory negligence on her own part. We think the rule contended for is not applicable in this case. Our statute provides (Code, section 2164) that a telegraph company is liable for all mistakes or delays in transmitting or receiving messages over its lines, and that, in actions brought to recover damages thus caused, the burden is upon the company to prove that the mistake or delay is not due to its own negli-

gence. This, we think, relieves the plaintiff from the necessity of alleging that she did not contribute to her own injury.

We find no error in the record, and the judgment of the district court is AFFIRMED.