# Baxter *v.* Wunder, Appellant.

*Negligence—Partnership—Torts—Liability of individual partner—Capias ad satisfaciendum.*

An individual partner is liable to arrest under a writ of capias ad satisfaciendum on a judgment in a suit for injuries caused by the negligence of the servants of the partnership.

Each member of a partnership is personally liable for a tort committed by a co-partner acting within the scope of the firm business. The same principle applies to liability for the torts of a servant of

the partnership committed while in the employment of the firm and in the conduct of its business.

The test of the liability is based on the determination of. the question whether the wrong was committed in behalf of and within the reasonable scope of the partnership. If it was so committed, the partners are liable as joint tortfeasors. Being liable as joint tortfeasors, the party aggrieved has his election to sue one of the firm or sue one or more of its members and may even single out for a suit a party who personally was in nowise involved in the commission of the tort.

The principles governing the liability of one partner for the torts of his co-partners apply to torts based on the negligence of such partners. Partners are liable for a trespass by themselves or their agents, employees or servants in the legitimate conduct of the partnership business.

Argued October 22, 1926. Appeal No. 248, October T., 1926, by defendant, from order of C. P. No. 2, Philadelphia County, June T., 1918, No. 5068, in the case of Mary Baxter, by her father, Patrick Baxter, and the said Patrick Baxter, in his own right, v. William F. Wunder, individually and trading as Quaker City Carnival Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Rule to show cause why capias ad satisfaciendum should not be set aside and defendant discharged from custody. Before LEWIS, J.

The facts are stated in the opinion of the Superior Court.

The Court discharged the rule. Defendant appealed.

*Error assigned* was the order of the Court.

*Bryan A. Hermes,* for appellant.—The defendant was not liable for arrest under the circumstances: Blackstone, Book III, Chap. 19, page 281; Carroll v. Simons, 27 Pa. County Court Reps. 29; Bassett v. Davis, 1 Clarke's P. L. Reps. 310; Reader v. Rosendale, 21 W. N. C. 153; Howzer v. Dellinger, 23 N. C. 475;

Judson v. McClelland, 44 N. C. 262; Pierce's Appeal, 103 Pa. 27; Romberger v. Henry, 167 Pa. 314; Dugan v. Read, 167, 393; Colburn v. Colburn, 279 Pa. 249.

*Hyman Lebovitz,* and with him *John Martin Doyle,* for appellee.

OPINION BY CUNNINGHAM, J., March 3, 1927:

Appellant obtained in the court below a rule to show cause why a capias ad satisfaciendum issued against him should not be set aside and appellant released from custody. From an order discharging the rule we have this appeal. The only error assigned is the discharging of the rule. A resume of the history of the case is essential to a proper understanding of the questions involved: In 1918 appellant, William C. Rushmer and A. L. Spinney were equal partners in the operation, under the name of Quaker City Carnival Company, of certain amusement devices. In the summer of that year Mary Baxter, then a minor and one of the appellees herein, was injured while riding as a passenger on one of the devices owned by the copartnership and operated by its servants and employes in the City of Philadelphia. In a suit brought by her father in her behalf and in his own right it was alleged that her injuries were due to the negligence of the partners in suffering and permitting the device to be operated while in a dangerous, defective and unfit condition, with the result that a seat or attachment collapsed and fell apart, injuring the minor plaintiff. The action was brought originally against appellant alone and his partners were brought in by amendment. An affidavit of defense was filed and the case came to trial before a jury. None of the defendants seems to have attended in person but counsel appeared for them and participated in the trial. A verdict was duly rendered in favor of the minor for $500 and in favor of her father for $108, upon which judgment was entered May

5, 1920. No appeal was taken and the judgment remains in full force and effect as the result of an adverse proceeding regularly conducted in a competent tribunal. Nothing seems to have been done looking toward the collection of the judgment until May 28, 1926, when a fi. fa. was issued and returned nulla bona and on the same date a capias ad satisfaciendum was issued upon which one of the defendants, William F. Wunder, the present appellant, was taken into custody and subsequently released upon duly entering security. In his petition for the rule to show cause why the capias should not be set aside appellant sets forth, inter alia, that at the time of the accident he was acting as advance agent for the Quaker City Carnival Company and was in Norristown, Pa. The position of the learned counsel for appellant is that appellant, having been but one of several partners, cannot be arrested and imprisoned on a capias ad satisfaciendum for injuries "not inflicted by him but by the servant, agent or employe of the partnership without command." There is nothing in this record indicating clearly that the negligence for which the damages were recovered was that of the defendants' servants and employes in the operation of the device rather than the negligence of the partners themselves in failing to keep the devices upon which they invited the public to ride in a safe condition for operation. The case however was disposed of by the court below and argued here upon the theory that the negligence involved was the negligence of the servants of the copartnership and we shall dispose of the appeal upon that theory. It is to be noted that this was a capias ad satisfaciendum issued against the person of appellant after failure to collect from his personal or real estate and issued in execution of a judgment entered upon a verdict fixing the amount of damages suffered through the negligence of the servants of a partnership of which he was a member,

which negligence was imputed by the jury to appellant and his copartners. It is not a capias ad respondendum for the commencement of an action of negligence. The action was commenced by a summons in trespass.

It was held in Carroll v. Simons, 27 Pa. C. C. Rep. 29, that an action of this kind cannot be commenced by a capias because it is an action for damages uncertain in amount and incapable of being measured by a fixed standard, and the amount of bail ought not therefore to be regulated by the amount of plaintiff's demand. Concluding his opinion in that case Judge ARNOLD, after citing a case in which a husband who had been arrested for a tort committed by his wife was discharged on common bail, said "We have no hesitation in saying that in actions for damages for injuries not inflicted by the defendant, but by his servant without his command, the plaintiff cannot commence his action with a writ of capias and cause the arrest of the defendant." This is the case chiefly relied upon by appellant but it has no application to the case at bar. The further suggestion that as appellant was only one member of the partnership he is not liable for the entire amount of the judgment is without merit. "Each member of a partnership is personally liable for a tort committed by a copartner acting in the scope of the firm business. . . . . . The test of the liability is based on a determination of the question whether the wrong was committed in behalf of and within the reasonable scope of the business of the partnership. If it was so committed, the partners are liable as joint tortfeasors. Being liable as joint tortfeasors the party aggrieved has his election to sue the firm or to sue one or more of its members, and may even single out for suit a partner who personally was in no wise involved in the commission of the tort. . . . . . . The principles governing the liability of one

partner for the tort of his copartners apply to torts based on the negligence of such partner'': 20 R. C. L., p. 914. ''Partners are liable for a .trespass by themselves or their agents, employes or servants, in the legitimate conduct of the partnership business; or if the trespass be done by their agents or workmen acting within the scope of their authority or while in the employment of the firm'': McKnight v. Ratcliff et al., 44 Pa. 156; see also Horbach's Admrs. v. Elder, 18 Pa. 33, 36. The absence of appellant at the time of the accident can have no effect upon the question of his liability for the negligence of his servants: Shaw v. Reed, 9 W. & S. 72. The 19th section of the Act of June 16, 1836, P. L. 755, 764, entitled ''An act relating to executions'' provides that ''The plaintiff in every judgment which shall be obtained in any court of this Commonwealth, for the recovery of money, may have execution thereof, subject to the restrictions and qualifications herein provided, against the person and estate of the defendant in the following order, to wit: I. Upon the personal estate of the defendant; II. Upon his real estate; III. If he have neither personal or real estate liable to execution, then upon the person of the defendant,'' and the 27th section provides that ''The plaintiff in any such judgment may have at the same time, thereon, a writ of fieri facias, or a writ of capias ad satisfaciendum, to levy the same, together with the costs of such execution.''

Under this act, standing alone, there could be no doubt about the right to issue and enforce this capias. The only possible question arising is whether this right has been taken away or modified by the Act of July 12, 1842, P. L. 339, entitled ''An act to abolish imprisonment for debt and to punish fraudulent debtors.'' By section one of this act it is enacted that ''No person shall be arrested or imprisoned on any civil process issuing out of any court of this Commonwealth, in

any suit or proceeding instituted for the recovery of any money due upon any judgment or decree founded upon contract, or due upon any contract, express or implied, or for the recovery of any damages for the non-performance of any contract,'' except in certain proceedings which have no bearing upon the present case. In Romberger v. Henry, 167 Pa. 314, our Supreme Court held that the damages recovered in an action by an employe against his employer for failing to furnish reasonably safe appliances for work were not damages recovered for the non-performance of an implied contract to furnish safe means of employment. In that case a capias ad satisfaciendum issued by the plaintiff was set aside by the court below and the Supreme Court reversed, saying ''The construction claimed by the appellee cannot be sustained. The recovery of damages was not for the non-performance of a contract within the meaning of the act. The action was in trespass to recover damages for negligence. The negligence alleged and proved was the failure to perform a duty. That duty was to furnish an employe with suitable appliances for work; it arose by implication of law out of the relation of the parties. It was imposed by law, not created by contract.'' See also Dungan v. Read, 167 Pa. 393.

The only difference between those cases and the present is that the verdicts there were recovered against defendants personally guilty of negligence; whereas, in this case appellant and his copartners were held liable as masters for the torts of their servants committed in the course of their employment. We can see no good reason for a distinction with respect to the method of enforcing the liability based upon the manner in which it arose, i. e., whether the liability arose out of acts of omission or commission omitted or performed personally or through agents. The legal effect is the same—liability to pay such damages as

may be determined by resort to the proper tribunal and the method and means for the collection of these damages should reasonably be the same in either case. A majority of the members of this court are of opinion that the rule was properly discharged.

The assignment of error is overruled and the order affirmed at costs of appellant.