## Mason v. Sabulsky

F. M. McAdams, for plaintiff.

ALESSANDRONI, J., January 3, 1934.—The affidavit to hold to bail avers that while deponent was proceeding across a street intersection the automobile of the defendant, while operated by a certain agent or employe, was so negligently operated as to cause it to strike the plaintiff, by reason of which he sustained lacerations, abrasions, and contusions, was injured internally, and suffered severe nervous shock. The question presented is whether a capias ad respondendum may issue against the defendant for the tort of his servant. Careful examination of the authorities in this jurisdiction reveals but one case in which

the question was raised. In Carroll v. Simons, 11 Dist. R. 47, Arnold, P. J., in a well-considered opinion held that the writ did not lie.

Blackstone, commenting upon the issuance of a writ of capias ad respondendum, stated: 'But, in case of injury accompanied with force, the law, to punish the breach of the peace, and prevent its disturbance for the future, provided also a process against the defendant's *person* in case he neglected to appear upon the former process of attachment, or had no substance whereby to be attached; subjecting his body to imprisonment by the writ of *capias ad respondendum*': 3 Bla. Com. c. 19, p. 281. The learned court in Carroll v. Simons, supra, clearly explains the disintegration of this rule in practice so that, instead of confining its use to cases of injury accomplished with force where the breach of peace must be punished, it was applied generally to almost all actions. As a result the legislature of this State set up safeguards against the use of the writ and, as indicated in the opinion of Carroll v. Simons, supra, p. 49, the earlier cases in this jurisdiction uniformly held that a defendant might not be held to bail for a tort committed by his copartner: Bassett v. Davis, 1 Clark 310; nor a husband for his wife's tort: Reader v. Rosendale et ux., 21 W. N. C. 153; O'Connor v. Welsh, 29 W. N. C. 92.

We see no reason why a defendant in a civil action for damages for the negligence of his servant should be subjected to arrest or the necessity of entering bail, when he personally has been guilty of no wrong. The use of the writ of capias ad respondendum in its initial stages was intended for actions of tort accompanied by force, where the defendant was guilty of a breach of the peace. It partook of the nature of a proceeding ex delicto. The looseness of the practice which extended its use beyond that originally intended should not be encouraged. The Constitution, the laws of the United States, and of this jurisdiction are designed to protect a man's liberty except when guilty of a violation of law. He should not be indirectly deprived of that liberty by an extension of auxiliary process beyond the clearly defined cases.

In Duffield v. Smith et al., 6 Binney 302, 304, Tilghman, C. J., stated: "The general rule is, that in actions of trespass, bail is not demandable, because there is no standard by which the damages can be measured. But there are exceptions to this rule. One is, where the defendant is about to depart out of the jurisdiction of the court. Another is, where there has been a violent battery, in which the plaintiff may sometimes swear to damages to a certain amount, and it may be evident from a view of the wounds, that considerable damage must have been sustained. There are other cases where it is presumable that large damages will be given, because the subject may have been discussed in an action against others for a similar trespass."

None of the exceptions to the general rule appear in the application before us. The affidavit to hold to bail discloses no facts surrounding the issuance of a writ within any of the exceptions stated. See also Trestrail v. Mendel, 12 D. & C. 151. We find no authority either in this jurisdiction or elsewhere allowing the issuance of a capias ad respondendum in an action against an employer for the negligence of his servant. In 5 C. J. 462, the rule is stated as follows: "The principal cannot ordinarily be arrested for the acts of his agent, unless he personally participated therein, or knowingly ratified them, unless the statute is broad enough to confer a right of arrest in the particular character of action without regard to personal delinquency of defendant."

In Duffield v. Smith et al., supra (p. 306), Yeates, J., in a concurring opinion also stated: "In matters of mere tort, bail is not of course, but may be directed by the special order of a judge, or of the whole court. In the exercise of an impartial legal discretion, they will either order or refuse bail, according to their

view of the individual wrong which is the subject of the suit. When the injury complained of is not gross or enormous, the circumstance of the defendants having expressed no intention to leave the government, to whose laws the plaintiff has appealed, will always have great weight." See also Orzel v. Cominsky, 44 Pa. C. C. 703.

None of the facts presented in the case before us would lead us, in the exercise of a sound sense of justice, to issue a writ of capias requiring the sheriff to take the defendant into custody. The plaintiff relies upon the authority of Baxter v. Wunder, 89 Pa. Superior Ct. 585, as justification for the issuance of the writ. An analysis of that case, however, discloses that the question there was whether a capias ad satisfaciendum was properly issued in execution against a partner in tort after verdict and judgment. Moreover, the facts showed that the defendant was personally responsible for the injury and was personally negligent. The Superior Court studiously drew a distinction between that case and Carroll v. Simons, supra, and refrained from minimizing in any manner the legal effect of that decision. In fact, all the later decisions cite the opinion in Carroll v. Simons as the leading case on the question, and in 1 Troubat & Haly, Practice, 304, 305, it is deemed conclusive authority for the proposition that "a capias will not lie . . . for injuries caused by the negligence of a servant".

Our attention is directed to the averment in the affidavit showing the defendant's presence in the automobile at the time of the accident. We are asked to infer that the driver was under the direct control of the defendant. Assuming all this, it is still a fact that the personal act of the driver caused the injuries, and unless it is averred that the master assumed control of the servant's operation of the car at or immediately preceding the accident, so as to render the servant his instrument, we cannot impute the act of the driver to his passive superior.

The doctrine of respondeat superior, without personal and conscious participation by an act of omission or commission on the part of the master, is not of itself sufficient to bring him within the sphere of a capias.

And now, to wit, January 3, 1934, for the reasons stated the application to fix bail and for allowance of a capias is refused.